In the Matter of the Claim of CAROLINE TORGE, Appellant, *v.* THE VILLAGE OF SALAMANCA, Respondent.

1. STREETS — CHANGE OF GRADE — PROCEEDINGS FOR DAMAGES CAUSED THEREBY — CONSTRUCTION OF STATUTES RELATING THERETO. The statute (L. 1883, ch. 113, as amd. by L. 1884, ch. 281, and L. 1894, ch. 172) providing that "whenever the grade of any street * * * in any incorporated village shall be changed so as to injure or damage the buildings or real property adjoining such highway, the owners thereof may apply to the Supreme Court for the appointment of three commissioners to ascertain and determine their damages, which damages shall be a charge upon the village * * * chargeable with the maintenance of the street * * * so altered or changed," was not superseded or repealed by the provisions of the Village Law (L. 1897, ch. 414, § 159, and § 342, subd. 4), providing for the assessment and payment of damages when the grade of a street shall be changed by the authorities of a village having the exclusive control and jurisdiction of the street, except in so far as the provisions of the former statute might apply to a change of the grade of a street, within the exclusive control and jurisdiction of a village, when made by the legally constituted authorities thereof.

2. SAME — WHEN PROCEEDING FOR DAMAGES CAUSED BY CHANGE OF
GRADE IN STREET MAY BE INSTITUTED AND MAINTAINED UNDER CHAP-
TER 113 OF LAWS OF 1883 — PARTIES TO SUCH PROCEEDING.   Where a
railroad crossing over a village street was changed from a grade to an
undergrade crossing by the railway company and the authorities of the
village, pursuant to an order of the board of railroad commissioners, act-
ing under the provisions of the Railroad Law relating to the change of
railroad crossings at grade, in furtherance of public safety (L. 1890, ch.
565, §§ 62–69), whereby an alteration of the grade of the street in front of
property abutting thereon was rendered necessary, the owner of the prop-
erty may institute and maintain a proceeding for the damages caused by
such alteration under chapter 113, Laws of 1883, since all that is neces-
sary to bring the case within this statute is that the grade shall be legally
changed or altered; but, as the damages for which recovery is sought
were caused by an improvement toward the expense of which the railroad
company is required to contribute its ratable proportion, the company is
entitled to be made a party to the proceeding, and to be heard therein, as
provided by the Railroad Law.

*Matter of Torge*, 86 App. Div. 211, reversed.

(Argued October 8, 1903; decided October 30, 1903.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
July 30, 1903, which reversed an order of Special Term
appointing commissioners to appraise the damages alleged to
have been sustained by petitioner by reason of a change of
grade in the street in front of premises owned by her.

The facts, so far as material, are stated in the opinion

*Niles C. Bartholomew* for appellant.   Abutting property
owners, in incorporated villages, are entitled to damages aris-
ing from change of grade of a street, there being statutes
giving such right of compensation.   (L. 1897, ch. 414, § 159;
L. 1883, ch. 113.)   Abutting property owners in incorporated
villages being given by statute a right of compensation for
change of grade of a street, the remedy to enforce such right
is not by an action at law, but by a proceeding under the stat-
utes creating the right.   (L. 1897, ch. 414, § 159.)   Whether
the act of changing the grade of Main street was that of the
village authorities or the act of the state board of railroad
commissioners, in either case the abutting property owner is

entitled to compensation and to maintain this proceeding. (*Matter of Jewell*, 41 N. Y. S. R. 409.)   The power to change the grade of a street within an incorporated village is absolute in the municipality.   (*Matter of Stack*, 50 Hun, 388; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98.)

*G. W. Cole* and *Henry P. Nevins* for respondent.   Section 159 of the Village Law, giving a right to consequential damages where a change of grade in a village street is effected, does not contemplate a change of grade of this character and in this manner; but has reference to change of grade made by the village, as such, and as to which the village has exclusive power to make the change.   (L. 1897, ch. 414, § 159.) To render the village liable it must have exclusive jurisdiction and control of the street, having reference to the change in fact effected, and the exclusive power to make, authorize or to give effect by ratification or acquiescence to the change of grade effected.   (L. 1897, ch. 414, §§ 141, 159.)   The village ought not to be made liable for damages beyond its proportion, as provided by the law which provides for the establishment of grade crossings, and in accordance with the rules by which such damages are ascertained.   (*Fries* v. *N. Y. & H. R. R. Co.*, 169 N. Y. 270; *Muhlker* v. *N. Y. & H. R. R. Co.*, 173 N. Y. 549; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42; *Atwater* v. *Trustees*, 124 N. Y. 602; *Talbot* v. *N. Y. & H. R. R. Co.*, 151 N. Y. 155.)

Cullen, J.   The petitioner was the owner and possessor of premises in the village of Salamanca, situate at the intersection of Main street and the Erie railroad.   In the year 1900 the village by its board of trustees applied to the board of railroad commissioners under the provisions of section 62 of the Railroad Law to have the crossing of the street over the railroad, which at the time was at grade, changed to an undergrade crossing.   Such proceedings were had that in April, 1901, the commissioners made an order directing the change to be made according to certain plans and specifications.   The improve-

ment rendered necessary an alteration of the grade of Main street in front of the appellant's premises. Thereupon the trustees of the village passed a resolution changing the grade of the street to accord with the plans of the new crossing approved by the railroad commissioners. Thereafter and within sixty days from the completion of the work the appellant filed a claim for damages arising from the change of grade with the board of railroad commissioners and with the clerk of the village. The trustees of the village failed to agree with the appellant as to the compensation to be made to her. She then applied to the Supreme Court for the appointment of three commissioners to ascertain and determine the amount of her damage. The village resisted the application, filing an answer to the appellant's petition. A trial was thereupon had and an order made appointing commissioners On appeal the Appellate Division reversed the order of the Special Term and dismissed the proceedings.

As the order of the Appellate Division was a final order an appeal lies to this court. (*Matter of Munn*, 165 N. Y. 149.) We are thus brought to the merits of the controversy. The learned counsel for the respondent contends that the appellant is not entitled to any compensation because the village authorities did not have exclusive power to make the change in the crossing. The learned Appellate Division did not pass on this question but held that if the appellant was entitled to compensation she could not recover it by this proceeding. To determine these questions it is necessary to review the legislation on which the appellant's claim is based. Under the settled law of this state damage caused to an abutter by change of the grade of a street by the municipal authorities was *damnum absque injuria*. (*Radcliff's Exrs.* v. *Mayor, etc., of Brooklyn*, 4 N. Y. 195 ; *Heiser* v. *Mayor, etc., of N. Y.*, 104 N. Y. 68.) The hardship of this rule, however, was early appreciated and legislation was passed to secure abutters who improved their property on the faith of the established grade of a street from alteration of that grade without compensation. So, in 1883, a statute (Chap.

113) enacted that whenever the grade of any street or highway in any incorporated village should be changed so as to injure or damage the buildings or real property adjoining such highway, the owners thereof might apply to the Supreme Court for the appointment of three commissioners to ascertain and determine their damages, which damages should be a charge on the village, town or other municipality chargeable with the maintenance of the street or highway so altered or changed. This statute was amended in 1884 (Chap. 281) and in 1894 (Chap. 172). The amendments relate merely to matters of procedure, the latter statute directing that the provisions of the Condemnation Law should be applicable to the appointment of and the powers and duties of the commissioners appointed under it. In 1897 was enacted the General Village Law (Chap. 414). By section 159 it is provided that "If a village has exclusive control and jurisdiction of a street or bridge therein, it may change the grade thereof. If such change of grade shall injuriously affect any building or land adjacent thereto, or the use thereof, the change of grade to the extent of the damage resulting therefrom, shall be deemed the taking of such adjacent property for a public use." The remainder of the section prescribes the procedure to be followed and is a substantial re-enactment of the previous law on that subject. It is contended by the counsel for the respondent that the village had not exclusive control of the highway at the intersection of the railroad, and a change in the grade of the street at that point could be effected only by an order of the railroad commissioners in proceedings taken under section 62 of the Railroad Law and that hence the appellant's case does not fall within the terms of the section of the Village Law. But to entitle the appellant to compensation it was not necessary that her case should fall within the terms of the Village Law. The provisions of the act of 1883 are broad and comprehensive. They provide that whenever the grade of a street or highway in a village shall be changed the abutter shall be entitled to compensation for damages sustained thereby. "Due notice of such application shall be given to the person or persons having

competent authority to make such change or alterations." It is then provided that the damages shall be a charge against the village or municipality chargeable with the maintenance of the street or highway. It will thus be seen that all that is necessary to bring a case within the statute is that the grade shall be legally changed or altered; it is not necessary that it shall be changed or altered by the village authorities. All that was decided on this subject in *Matter of Whitmore* v. *Vil. of Tarrytown* (137 N. Y. 409) was that the village was not liable for the unauthorized acts of its street commissioner. That this is the true construction of the statute of 1883, and that it was not intended by the Village Law to limit the abut- ter's right to compensation is made clear by section 342 of the latter statute, which reads: " The following acts and parts of acts are hereby repealed : * * * 4. Chapter 113 of the Laws of 1883, and the acts amendatory thereof, so far as they relate to the change of grade of streets or bridges by village authorities." Unless the right of compensation for change in the grade of a street was general and applicable to all cases where the change of grade was made by authority of law and unless it was intended to continue such general liability, it is difficult to see why the repeal of the statute of 1883 was not made absolute instead of qualified and limited. There is no reason why an abutter whose property is injured by a change of grade made in the interest of the general public, traveling either on the highway or on the railroad, should be less entitled to compensation than where such change is dictated solely by local considerations.

We now reach the position taken by the Appellate Division, that whatever may be the appellant's rights she is not entitled to enforce them by this proceeding. Having decided that the appellant's rights are secured by the act of 1883, which we hold is still extant, it follows that she is in any view entitled to maintain the proceedings authorized by that statute. As already said, the proceedings under the Village Law are substantially the same as those prescribed by the law of 1883. At least, the requirements of the former act are no greater

than those of the latter. It was not necessary for the petitioner to specify under what law she sought to proceed provided she complied with all the requisites of the statute on which her rights were founded. The learned court below thought that the provisions of section 63 of the Railroad Law, which enact that in case of the change of a grade crossing the municipality if unable to obtain the same by purchase shall acquire the lands, rights or easements necessary for the improvement by condemnation under the Condemnation Law, and that the railroad company shall have notice of such proceedings and the right to be heard therein, were exclusive and inconsistent with the right of the appellant to maintain this proceeding. We see no such inconsistency. All proceedings of this character, whether prescribed by the act of 1883, by the Village Law or by the Railroad Law, are to be taken under the Condemnation Law, the only difference that I perceive being that the Railroad Law contemplates the company or municipality as being the moving party, while the act of 1883 and the Village Law casts the burden of instituting the proceedings on the abutter who asserts that he has been damaged. There is no difficulty, however, in the harmonious and concurrent working of both statutes. In the proceeding before us, as the damage for which the appellant seeks to recover was occasioned by an improvement toward the expense of which the railroad company is required to contribute its ratable proportion, that company is entitled to be made a party thereto and to be heard therein as provided by the Railroad Law. Thus the rights of all parties can be secured. But the general rule is that where a right not existing at common law is given by a statute, and a remedy for the enforcement of that right prescribed, the right can be enforced only through the statutory remedy. (*Dudley* v. *Mayhew*, 3 N. Y. 9; *Heiser* v. *Mayor, etc., of N. Y.*, 104 N. Y. 68.) We should, therefore, be loath to hold, unless the language of the statute plainly requires such a result, that in any particular case the remedy prescribed by the act fails when as a result of such a ruling the right might fail also. Nor do we perceive the dif-

ference between the rule of damages that obtains in proceedings under the Railroad Law and that which obtains under the act of 1883 and the Village Law which is suggested by the Appellate Division.    It is true that the latter statutes provide in express terms for setting off benefits against injuries.    But this is the rule under the Railroad Law so far as compensation is sought for consequential injuries.    It was so held in the elevated railroad cases.    (*Bohm* v. *Metr. E. R. Co.*, 129 N. Y. 576.)    The right secured to an abutter to compensation for a change in the grade of a street is substantially the grant to him of an easement in the street to have it maintained at its existing grade, and any such easement created by the statute is in every respect analogous to those invaded in the elevated railroad cases.

The order of the Appellate Division so far as it dismissed the appellant's petition should be reversed and the proceedings remitted to the Special Term with directions to the appellant to make the Erie Railroad Company a party thereto, with costs to the appellant at the Appellate Division and in this court.

O'BRIEN, BARTLETT, MARTIN, VANN and WERNER, JJ., concur ; PARKER, Ch. J., not voting.

Order reversed, etc.