In the Matter of JACOB MELENBACKER, Appellant, *v.* VILLAGE OF SALAMANCA et al., Respondents.

STREETS — CHANGE IN GRADE TO ABOLISH RAILROAD CROSSING — OWNER OF PREMISES INJURED THEREBY MUST FILE NOTICE OF CLAIM FOR DAMAGES WITH BOARD OF RAILROAD COMMISSIONERS WITHIN SIX MONTHS AFTER COMPLETION OF WORK. Where the grade of a village street has been changed pursuant to an order of the board of railroad commissioners for the purpose of abolishing a grade crossing, under the provisions of the Railroad Law (L. 1890, ch. 565, § 62, as amd.), an abutting property owner, whose premises have been injured by such change of grade, cannot recover damages therefor where he has failed to file a notice of claim for such damages with the board of railroad commissioners, within six months after the completion of the work, in compliance with section 65 of the Railroad Law (L. 1890, ch. 565, § 65, as amd. by L. 1900, ch. 517), notwithstanding a notice of such claim was filed with the clerk of the village, within sixty days after the completion of the work; in conformity with the statute (L. 1883, ch. 113, as amd. by L. 1884, ch. 281, and L. 1894,

ch. 172), providing when damages caused by a change in the grade of a street in an incorporated village shall be paid by the municipality, since the latter statute must be read in connection with the sections of the Railroad Law by which the change of grade in question was expressly authorized and under which the damages must be paid by the railroad company, the municipality and the state in certain proportions after an adjustment, by the board of railroad commissioners, of all the claims paid or presented within six months after the completion of the work..

*Matter of Melenbacker* v. *Vil. of Salamanca,* 116 App. Div. 691, affirmed.

(Argued April 2, 1907; decided April 30, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 7, 1907, which affirmed an order of Special Term denying the application of the petitioner for the appointment of commissioners to appraise the damages alleged to have been sustained by him by reason of a change of grade in the street in front of his premises and dismissing the proceeding.

The facts, so far as material, are stated in the opinion.

*Henry P. Nevins* for appellant. The petition alleges all jurisdictional facts, and there being no controverted questions of fact, an order appointing commissioners should have been granted. (*Radcliff* v. *Mayor of Brooklyn,* 4 N. Y. 195; *Story* v. *N. Y. El. R. R. Co.,* 90 N. Y. 122; *Matter of Stack* v. *Port Chester,* 50 Hun, 385; *Matter of Greer,* 39 App. Div. 222; *Matter of McCall* v. *Saratoga,* 26 N. Y. S. R. 699; *Matter of Forge* v. *Vil. of Salamanca,* 176 N. Y. 324.) Section 65 of the Railroad Law does not contemplate the service of notice therein provided by the abutting property owner who asserts that he has been damaged. (*Matter of Torge* v. *Vil. of Salamanca,* 176 N. Y. 324.)

*Thomas L. Newton* for Village of Salamanca, respondent. In order for the petitioner to recover damages for the change of grade in question he must show that the right was given by some express statute. (*Smith* v. *B. & A. R. R. Co.,* 181 N. Y. 132; *Conklin* v. *N. Y., O. & W. Ry. Co.,* 102 N. Y. 107.) The petitioner has not shown facts sufficient to give the court jurisdiction to appoint commissioners to assess any

damages to his property by reason of the change of grade in question. (*Comesky* v. *Vil. of Suffern*, 179 N. Y. 393; *Matter of Village of Waverly*, 35 App. Div. 41; *Smith* v. *B. & A. R. R. Co.*, 181 N. Y. 132; *Matter of Torge* v. *Vil. of Salamanca*, 176 N. Y. 324; *Vil. of Bolivar* v. *P., S. & N. R. R. Co.*, 88 App. Div. 387.) Section 65 of the Railroad Law, as amended by chapter 517, Laws of 1900, taking effect April 19, 1900, applies to this proceeding and invades no constitutional right of the petitioner. (*People* v. *N. Y. C. & H. R. R. R. Co.*, 158 N. Y. 410; *Matter of Ludlow Street*, 172 N. Y. 542; *Lazarus* v. *M. E. R. R. Co.*, 145 N. Y. 581; *Sauer* v. *City of New York*, 180 N. Y. 27; *Brewster* v. *Rogers Co.*, 169 N. Y. 73; *W. R. Co.* v. *Defiance* 167 U. S. 88.)

*F. A. Robbins* for Erie Railroad Company, respondent. The remedy of the petitioner is wholly statutory, and he has no right at common law to recover damages on account of the change of the grade in question. (*Radcliff* v. *Mayor, etc.*, 4 N. Y. 195; *Smith* v. *B. & A. R. R. Co.*, 181 N. Y. 132; *Gozler* v. *City of Georgetown*, 19 U. S. 593; *W. Ry. Co.* v. *Defiance*, 167 U. S. 88; *Conklin* v. *N. Y., O. & W. R. Co.*, 102 N. Y. 107.) The petitioner cannot maintain this proceeding for the reason that he did not comply with the provisions of section 65 of the Railroad Law by filing a notice of his claim with the state board of railroad commissioners within six months after the change of grade was completed. (L. 1900, ch. 517, § 65; *Smith* v. *B. & A. R. R. Co.*, 181 N. Y. 132.) Section 65, as amended by chapter 517 of the Laws of 1900, taking effect April 19, 1900, applies to this proceeding. (*People* v. *N. Y. C. & H. R. R. R. Co.*, 158 N. Y. 410; *Matter of Ludlow Street*, 172 N. Y. 542; *Lazarus* v. *M. E. R. R. Co.*, 145 N. Y. 581.)

Chase, J. Prior to 1900 the tracks of the Erie Railroad Company crossed Main street, in the village of Salamanca, at grade. In that year the president and trustees of said village

made application, by petition in writing, to the board of railroad commissioners of the state of New York, pursuant to the provisions of section 62 of the Railroad Law (Laws of 1890, chapter 565, with subsequent amendments), to have the crossing changed from grade, so that the street would be carried under said railroad tracks.

On April 11th, 1901, the board of railroad commissioners ordered that the crossing be changed from grade, and that the street be carried underneath said railroad tracks substantially as shown by a plan on file in its office. The plans of the board of railroad commissioners were approved by the village, and said village also authorized and approved a resultant change of grade of said street.

The change in the grade of said street was made by the railroad company in accordance with said plan under an agreement with contractors made with the approval and consent of said board of railroad commissioners and said village. The work was fully completed prior to the 6th day of November, 1902, and on that day, and within sixty days after said work was completed, the petitioner filed with the clerk of said village a verified claim for his alleged damages arising from said change of grade. The petitioner is the owner of certain real property on the east side of said Main street. Only the westerly half of said street was lowered. That part of the street between the petitioner's property and the center of said street was not changed. No notice or claim for damages to the petitioner's property on account of the change of said crossing and by reason of the change of grade in said street as alleged in the petition was ever filed with the board of railroad commissioners by the petitioner or other person of corporation.

Nearly four years after said work was completed, the petitioner commenced this proceeding for the appointment of commissioners to determine the amount of compensation to which he is entitled by reason of such change of grade. There is no dispute in regard to the facts.

It is settled law in this state that the owner of property

abutting on a highway which is graded or changed by the public authorities has no right of action against the town or municipality unless such right is given by some express statute. At common law there is no such liability. (*Smith* v. *Boston & Albany R. R. Co.*, 181 N. Y. 132; *Matter of Torge* v. *Village of Salamanca*, 176 N. Y. 324.)

By chapter 113 of the Laws of 1883 provision was made for determining the amount of damages sustained by the owner of real property in any incorporated village by the change of the grade of a street therein, and it also provided that the damages so ascertained and determined shall be a charge upon the village, town or other municipality chargeable with the maintenance of the street so altered or changed.

This statute was amended in 1884 (Chap. 281) and in 1894 (Chap. 172) and as so amended reads in part as follows : " Section 1. Whenever the grade of any street, highway or bridge in any incorporated village in this state shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such building or real estate may apply to the Supreme Court in the judicial district in which such property is situated for the appointment of three commissioners to ascertain and determine the amount of damage sustained thereby ; due notice of such application shall be given to the person or persons having competent authority to make such change or alteration." (L. 1883, ch. 113.)

" Section 3. All damages ascertained and determined under the provisions of this act, together with the costs of such proceedings, shall be a charge, when allowable, upon the village, town or other municipality chargeable with the maintenance of the street, highway or bridge so altered or changed ; * * *." (L. 1894, ch. 172.)

By the Village Law (Laws of 1897, chapter 414, section 342, sub. 4) " chapter 113 of the Laws of 1883, and the acts amendatory thereof, so far as they relate to the change of grade of

streets or bridges by village authorities" was repealed, but said act, as amended, is still extant to authorize a proceeding as provided by said act and its amendments except as to the change of grade of streets or bridges by village authorities. (*Matter of Torge* v. *Village of Salamanca, supra.*) Section 159 of said Village Law is not applicable to this case. (*Matter of Torge* v. *Village of Salamanca, supra.*)

Sections 60 to 69, inclusive, of said Railroad Law (L. 1890, ch. 565), provide a complete system for establishing, altering and changing the crossing of streets and highways by steam surface railroads.

Section 62 of said act provides, among other things, that the trustees of any village within which a street is crossed by a steam surface railroad at grade may bring their petition in writing to the board of railroad commissioners to change such crossing from grade and praying that the same may be ordered.

The railroad commissioners, upon notice, as in the section provided, to the petitioner, the railroad company, the municipality in which such crossing is situated, and the owners of the lands adjoining such crossing and adjoining that part of the highway to be changed in grade or location, are required to appoint a time and place for hearing the petition and to determine what alterations or changes, if any, shall be made. Provision is made for an appeal from the determination of said commissioners to the Appellate Division of the Supreme Court and to this court. Section 63 of said act provides :

" The municipal corporation in which the highway crossing is located, may, with the approval of the railroad company, acquire by purchase any lands, rights or easements necessary or required for the purpose of carrying out the provisions of section sixty, sixty-one and sixty-two of this act, but if unable to do. so, shall acquire such lands, rights or easements by condemnation either under the condemnation law, or under the provisions of the charter of such municipal corporation. The railroad company shall have notice of any such proceedings and the right to be heard therein."

Section 65 of said act provides that "Whenever a change is made as to an existing crossing in accordance with the provisions of section sixty-two of this act, fifty per centum of the expense thereof shall be borne by the railroad corporation, twenty-five per centum by the municipal corporation, and twenty-five percentum by the state."

It is further provided by said section that "In carrying out the provisions of sections * * * sixty-two of this act the work shall be done by the railroad corporation or corporations affected thereby, subject to the supervision of and approval of the board of railroad commissioners, * * * and the expense of construction shall be paid primarily by the railroad company, and the expense of acquiring additional lands, rights or easements, shall be paid primarily by the municipal corporation wherein such highway crossings are located."

It is further provided by said section that "Upon the completion of the work and its approval by the board of railroad commissioners an accounting shall be had between the railroad corporation and the municipal corporation, of the amounts expended by each with interest, and if it shall appear that the railroad corporation or the municipal corporation have expended more than their proportion of the expense of the crossing as herein provided, a settlement shall be forthwith made in accordance with the provisions of this section. All items of expenditure shall be verified under oath. * * * *"

Provision is made for the appointment of a referee to take testimony as to the amount expended in case of a dispute relating thereto.

It is also therein provided: "No claim for damages to property on account of the change or abolishment of any crossing under the provisions of this act shall be allowed unless notice of such claim is filed with the board of railroad commissioners within six months after completion of the work necessary for such change or abolishment." (L. 1900, ch. 517.)

The change in the grade of said street was made necessary by the abolishment of the railroad grade crossing and the

authority for making the change of grade as stated is wholly found in the special statutory provisions quoted.  Ample provision is made in said statutes for the protection of the property rights of abutting landowners.  If the lands, rights or easements necessary or required for the purpose of carrying out the provisions of the act are not acquired by the municipality by purchase or by condemnation under the Condemnation Law or the provisions of the charter of the municipal corporation, the claim for damages must be filed with the board of railroad commissioners within six months after the completion of the work.  The necessity for a statute limiting the time within which a claim can be made for such damages arises from the fact that after the completion of the work an accounting is had between the municipality and the railroad company, to be approved by the board of railroad commissioners, and a settlement is then had between said municipality and the railroad corporation and the state, based upon said accounting.  Without some special statutory provision limiting the time within which a claim for damages can be asserted, the accounting and settlement might be had without knowledge of alleged claims.

As the claim for damages arising by a change of grade of a street or highway is given by statute where it did not exist at common law the statutory remedy is exclusive, and must be followed by those seeking relief.  (*Smith* v. *Boston & Albany R. R. Co.*, *supra*.)

The authority granted by the act of 1883 to maintain a proceeding in the name of an owner for the purpose of determining the damages arising from a change of grade must be read in connection with the sections of the Railroad Law by which the change of grade of the street in front of the petitioner's property was expressly authorized.  There is no difficulty, as said in the *Torge* case, in the harmonious and concurrent working of both statutes.

In the *Torge* case notice was filed with the board of railroad commissioners as provided by section 65 of the Railroad Act.  In this case no such notice has ever been filed.  The failure

of the petitioner to file a notice as provided in said section prevents him from maintaining this proceeding.

The order appealed from should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN and HISCOCK, JJ., concur.

Order affirmed.