PEOPLE ex rel. DOLE v. TOWN BOARD OF HAMBURG, ERIE COUNTY.

(Supreme Court, Special Term, Erie County.   April 24, 1908.)

EMINENT DOMAIN—RAILROAD CROSSING—CHANGE OF STREET GRADE—RIGHTS OF ABUTTING OWNERS.

Railroad Law, Laws 1897, p. 797, c. 754, § 63, provides that a municipal corporation in which a highway crossing is located may, with the approval of the railroad company, acquire by purchase any lands, rights, or easements necessary or required to carry out the provisions of the act relating to the abolition of grade crossings; but, if unable to do so, it shall acquire such lands, rights, or easements by condemnation, either under the condemnation law or under the provisions of the charter of such municipal corporation, the railroad company being given notice of the proceedings and the right to be heard therein. *Held*, that where a city street was elevated by order of the State Board of Railroad Commissioners to enable a railroad to cross under it, and such crossing substantially impaired relator's right of access to the street, and both the town and the railroad company repudiated relator's claim for damages, he was entitled to mandamus to compel the town to institute proceedings to condemn his easement so affected.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 698.]

Mandamus by the people, on the relation of Lawrence Dole, against the town board of the town of Hamburg, Erie county.   On motion for peremptory writ.   Allowed.

Mr. Stone, for the motion.
Mr. Letchworth, opposed.

WHITE, J.   The relator is the owner and occupant of premises situated in the town of Hamburg.   His dwelling house on said premises fronted on Clark street, a public highway, which is crossed by the Buffalo & Susquehanna Railway Company.   By order of the State Board of Railroad Commissioners Clark street was elevated to enable the railroad to cross under it, which it does.   This crossing made in that manner substantially impaired the right of access to the street as theretofore enjoyed by the relator.   He made a claim for damages against both the town and the railroad, and both repudiated it.   He then requested the town to institute proceedings to condemn the easement thus affected, and it declined to do that.

No adjudication in this state has been referred to by counsel, nor do I know of any, which is decisive of the question involved in this motion.   The views of Judge Haight in that part of his opinion construing section 63 of the railroad law (Laws 1897, p. 797, c. 754) in the case of Smith v. Boston & Albany Railroad Company, 181 N. Y. 132–140, 73 N. E. 679, which was concurred in by Judges Bartlett and Vann, to my mind accord with justice.   I am clearly of the opinion that the claim of the relator on the merits is a valid one under section 63 of the railroad law, and that he is invoking the proper remedy for its enforcement.

Motion granted, with $50 costs to the relator.