(127 App. Div. 880.)

SWEETING v. NEW YORK CENT. & H. R. R. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   July 24, 1908.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—DAMAGES—CHANGE OF
   GRADE—STATUTORY REMEDY—EXCLUSIVENESS.
   Under Laws 1898, p. 377, c. 182, § 30, as amended by Laws 1901, p.
   1355, c. 552, providing that the common council of a city shall not change
   the grade of any street which has been legally established, except on
   compensation for damages done, to be ascertained as damages are ascer-
   tained under the condemnation law for lands taken, the manner of fixing
   the compensation allowed under the statute is exclusive, providing the
   owner has the right to originate the proceeding, or the city does originate
   it.

2. SAME—PROCEEDINGS FOR ASCERTAINING DAMAGES—PERSONS ENTITLED TO
   COMMENCE.
   Under Laws 1898, p. 377, c. 182, § 30, as amended by Laws 1901, p.
   1355, c. 552, providing that the common council of a city shall not change
   the grade of any street which has been legally established, except on
   compensation for damages done, to be ascertained as damages are ascer-
   tained under the condemnation law for lands taken, where the grade of
   a street is changed by the city for the purpose of permitting a railroad
   to change the construction of its bridge, the railroad company cannot
   commence proceedings under the statute to ascertain the damages of
   abutting property owners.

3. SAME—FAILURE TO MAKE COMPENSATION—LIABILITY OF CITY.
   Laws 1898, p. 377, c. 182, § 30, as amended by Laws 1901, p. 1355, c.
   552, provides that the common council of a city shall not change the
   grade of any street which has been legally established, except on com-
   pensation for damages done, to be ascertained as damages are ascertained
   under the condemnation law for lands taken.   Railroad Law, Laws
   1890, p. 1087, c. 565, § 11, provides that no railroad shall erect any bridge
   in the street of a city without the city's consent.   In an action against
   a city and railroad company for damages to abutting property from lower-
   ing the grade of a street, the complaint alleged the legal establishment of
   a grade, and that the city directed the railroad to substitute a steel bridge
   for the then existing railroad bridge, necessitating the lowering of the
   grade, and directed and supervised the manner in which the work was
   done.   No proceedings were taken by the city to ascertain the damages
   resulting from the change.   Held that, though the city, by merely con-
   senting to the change of the bridge by the railroad, under section 11 of
   the railroad law, might not have been liable for damages, the direction
   by it that the work be done, without ascertaining and paying plaintiff
   for damages suffered, was an illegal act, for which the city was liable.

4. SAME — REMEDY OF PROPERTY OWNER—JOINT LIABILITY OF PERSON MAKING
   IMPROVEMENT.
   Under Laws 1898, p. 377, c. 182, § 30, as amended by Laws 1901, p.
   1355, c. 552, providing that the common council of a city shall not change
   the grade of any street, except on compensation for damages done, to be
   ascertained as damages are ascertained under the condemnation law for
   lands taken, where a city required a railroad to lower a bridge, by which
   the grade of a street was changed, without ascertaining damages suffered
   by abutting property owners, the railroad company, having aided and as-
   sisted the city in such illegal acts, is liable in damages to abutting prop-
   erty owners as a joint wrongdoer, and not merely as an indemnitor of
   the city.

   McLennan, P. J., and Kruse, J., dissenting.

Appeal from Special Term, Monroe County.

Action by William Sweeting against the New York Central &
Hudson River Railroad Company and the city of Rochester to recover

damages for changing the grade of a street. From an interlocutory judgment for plaintiff, overruling a demurrer of defendant railroad company to the complaint, said defendants appeal. Affirmed, with leave to plead over.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Harris, Haven, Beach & Harris, for appellants.

John Van Voorhis' Sons and Eugene Van Voorhis, for respondent.

WILLIAMS, J. The interlocutory judgment should be affirmed, with costs, with leave to defendant to plead over, on payment of the costs of this appeal and of the demurrer.

The complaint alleges: That the plaintiff is the owner of the property in question, fronting on Orchard street, in the city of Rochester; that the grade of that street has been legally established and recognized generally for over 40 years; that the common council of the city of Rochester enacted an ordinance, by which the defendant railroad company was permitted to · substitute a steel girder bridge for the bridge then existing on its railroad over Orchard street, which required the lowering of the grade of said street, the ordinance providing the clear head room under the bridge should be 13 feet, to be obtained by lowering the street under the bridge; that the city required the railroad company to do all the work subject to the laws of the state and the ordinances of the city; and that the railroad company indemnify the city against any legal liability the city might incur. It is further alleged that the railroad company, with the consent of the city, and under its supervision and direction, but without the plaintiff's consent, did the work, changed the bridge, and lowered the grade in front of plaintiff's premises from one to three feet, to his injury and damage, for which judgment was demanded. The railroad company alone demurs to the complaint, claiming: First, that the plaintiff cannot bring an action at law for his damages. His remedy is in the proceeding under the statute for the government of cities of the second class. Laws 1898, p. 377, c. 182, § 30, as amended by Laws 1901, p. 1355, c. 552; second, that the railroad company is not liable in any event for the changing of the grade of Orchard street; and, third, if liable at all, it is liable as indemnitor, and not primarily liable.

First. At common law, no liability existed on the part of a municipality to the owner of real estate for injuries sustained by reason of the change of grade in streets adjoining his premises. Heiser v. New York City, 104 N. Y. 68, 9 N. E. 866, and cases therein referred to. The statute (section 30 of the act as to second-class cities) above referred to provides, among other things, that the common council shall not change the grade of any street, which has been legally established, except on compensation for damages done, to be ascertained as damages are ascertained under the condemnation law for lands taken. The manner of fixing the compensation under a statute is exclusive, provided the owner may originate the proceeding or the city does originate it. Heiser v. New York City, above, and cases therein referred to. In

Calking v. Baldwin, 4 Wend. 667, 21 Am. Dec. 168, either party could institute the proceedings for ascertaining the damages, and it was held no action would lie. In Torge v. Village of Salamanca, 176 N. Y. 324, 68 N. E. 626, the owners could institute the proceeding, and it was said the statutory remedy was exclusive. In Folmsbee v. City of Amsterdam, 142 N. Y. 118, 36 N. E. 821, and Fuller v. City of Mt. Vernon, 171 N. Y. 247, 63 N. E. 964, it was held that, where the change of grade had been illegally made, the statutory remedy was not applicable, and an action could be maintained.

It is claimed here that the grade was illegally changed, because no proceeding was taken by the city to ascertain the damages and none were paid, and the city alone could institute the proceeding. It is not disputed but that, if the city should institute the proceeding, the action would be stayed until the damages were ascertained therein. It would seem therefore that the city, if it changed the grade of the street, can be proceeded against by action to recover damages occasioned to plaintiff by such change of grade. The railroad company could not commence any proceedings under the statute to ascertain plaintiff's damages, and, as to this company, the only theory upon which the action can be maintained is that the city lowered the grade illegally, and the railroad company aided and assisted in doing the unlawful act. The railroad company, however, claims that it did the work of lowering the grade as principal, and not as aided or assisted of the city, that it had the legal right to do so with the assent of the city, and the plaintiff is not entitled to any damages by reason of such change of grade; and this leads us to consider the second ground of demurrer, above stated.

Second. The railroad company claims that it erected or changed the bridge in question under the provisions of the railroad law (chapter 565, p. 1082, Laws 1890), and for the purpose of restoring the street to its former state, or to such state as not to have unnecessarily impaired its usefulness, as required by the statute, it lowered the grade, as it legally might do, and is not liable for any alleged damages suffered by plaintiff by reason thereof. Section 11 of this statute provides, among other things, that no railroad corporation shall erect any bridge or construct its road in, upon, or across any street of any city, without the consent of the corporation of such city. Every railroad corporation which shall build its road along, across, or upon any street or highway which the route of its road shall intersect or touch shall restore the street or highway intersected or touched to its former state, or to such state as to not have unnecessarily impaired its usefulness, and any such highway may be carried by it under or over its tracks, as may be found most expedient. If all the city did, or assumed to do, was to give the assent, under this statute, to the building or changing of the bridge, very likely it would have been guilty of no illegal act, and would not have been liable for damages. The railroad company might then have restored the street as provided by the statute, and not have been liable for damages either; but the allegation of the complaint is that the city directed the manner of changing the bridge, and expressly directed the change of grade in the street, and required it to be done, and supervised the work, and

saw that it was done as directed. If this was true, the city was responsible for the change of grade of the street, the same as though it made the change itself. The city should not have done this, except upon ascertaining and paying plaintiff such damages as he suffered, and for failure to provide for the payment of the damages the city is liable as for an illegal act on its part.

Third. There can be no doubt that the railroad company, having aided and assisted the city in such illegal act, is also liable for plaintiff's damages, as a joint wrongdoer, and the claim that it is liable only as an indemnitor is not well founded.

The complaint states a good cause of action against the railroad company.

Interlocutory judgment affirmed, with costs, with leave to defendants to plead over upon payment of the costs of the demurrer and of this appeal.

SPRING, J., concurs. ROBSON, J., concurs in result only. Mc-LENNAN, P. J., and KRUSE, J., dissent in an opinion by KRUSE, J.

KRUSE, J. (dissenting). I do not understand that the necessity, or at least the propriety, of making the change in bridging the street for the railroad to cross over, and the consequent lowering of the grade of the street, is questioned; but it is contended that the payment of damages to the adjoining owner, for damages done in lowering the grade, is a condition precedent before the grade can actually be changed. That claim is founded upon the provisions of section 30 of the White Charter, which applies to the city of Rochester, and provides that the common council shall not change the grade of any street which has been legally established, except upon the vote of two-thirds of all the members of the common council, and also except upon compensation for damages done, to be ascertained as damages are ascertained under the condemnation law for lands taken. Assuming that this provision of the charter has full effect, regardless of the provisions of the railroad law, I am inclined to the opinion that it is not necessary to ascertain and pay the damages done to an adjoining landowner before changing the grade of the street. The language of the section is "compensation for damages done," not, "to be done," prescribing the precise method by which the damages are to be ascertained. I do not say that proceedings may not be taken in advance to acquire the rights and easements of an adjoining landowner. The view which I take of this provision may at first seem over critical, but, taking into account the difficulties which in many instances may be encountered in determining the damages in advance and the language of the statute itself, I think this view is the more reasonable.

The plaintiff brings this action upon the theory that the defendant is a wrongdoer. If that be true, the action is well brought; but, if the view which I entertain is correct, the defendant was not a wrongdoer, and the only remedy which the plaintiff has is to have the damages ascertained under the condemnation law. The mere fact that the plaintiff may not institute the proceeding, I think, is answered by the suggestion that, if the city itself does not pro-

ceed, he may require it to do so by mandamus. It can make no practical difference to the plaintiff whether he or the city institute the condemnation proceeding. If I am right in the conclusion that the defendant was not a wrongdoer, it follows, I think, that the plaintiff must resort to the condemnation law for redress. Matter of Torge v. Vil. of Salamanca, 176 N. Y. 324, 68 N. E. 626; Smith v. B. & A. R. R. Co., 181 N. Y. 131, 142, 143, 73 N. E. 679; Matter of Melenbacker v. Vil. of Salamanca, 188 N. Y. 370, 80 N. E. 1090.

I think the interlocutory judgment should be reversed, and the demurrer sustained.