presented by the appeal, nor is it essential that we should express an opinion on the question as to whether the detail could have been lawfully made or continued for such length of time without the consent of the petitioner, for he raised no objection, and that question is not before us.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.

PEOPLE ex rel. MAY v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department. January 15, 1909.)

Appeal from Trial Term, New York County.
Petition by the People, on the relation of George G. May, for a writ of mandamus against Theodore A. Bingham, as Police Commissioner of the City of New York. From an order denying the writ, relator appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

J. G. MacMahon, for appellant.
T. Connoly, for respondent.

PER CURIAM. This appeal presents the same questions as those considered and decided in People ex rel. Murphy v. Bingham (argued and decided herewith) 114 N. Y. Supp. 702, and on the authority of the opinion in that case the order denying the writ is affirmed, with $10 costs and disbursements.

JOHNS v. VILLAGE OF SALAMANCA et al.

(Supreme Court, Appellate Division, Fourth Department. December 2, 1908.)

1. MUNICIPAL CORPORATIONS (§ 385*)—CHANGE IN GRADE OF STREET—LIABILITY TO ABUTTING OWNER.

A change in the grade of a street being made under authority of law is not a continuing trespass on the easement of access to abutting property, and the abutting owner cannot recover at common law damages occasioned by such change.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

2. MUNICIPAL CORPORATIONS (§ 385*)—CHANGE IN GRADE OF STREET—LIABILITY TO ABUTTING OWNER.

Laws 1883, p. 100, c. 113, providing for compensation when the grade of a street is changed so as to injure abutting property, provides for full compensation for the injury done to abutting property by such change, and includes, not only damages to the fee, but diminution in the rental value from the time of the permanent change in the grade to the making of the award for fee damages.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

McLennan, P. J., dissenting, and Williams, J., dissenting in part.

Appeal from Special Term, Cattaraugus County.

In the matter of the claim of Augusta Johns against the Village of Salamanca and another for damages for the change of grade of a

street in the village. From a final order affirming in part and disaffirming in part the report of commissioners appointed to ascertain the damages suffered by the petitioner, Augusta Johns, by reason of a change of the grade of the street, both parties appeal. Reversed, and report of commissioners vacated and set aside, and a rehearing ordered before new commissioners.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Frank H. Callan, for claimant.
George H. Ansley, for village.
Thomas H. Dowd, for railroad company.

WILLIAMS, J. The order should be reversed, and an order made directing a rehearing before new commissioners to be appointed by the Special Term. No costs to either party in this court. The proceeding was instituted by the property owner claiming damages under chapter 118, p. 100, Laws 1883, as amended by chapter 281, p. 342, Laws 1884, and chapter 172, p. 330, Laws 1894. The commissioners allowed both damages to the fee and rental damages. The court at Special Term confirmed as to the fee damages and disaffirmed as to the rental damages. The claimant appeals from the part of the order disaffirming the allowance of rental damages. The village and the railroad appeal from the whole order on the ground that the Special Term had no power to confirm in part and disaffirm in part. It could only confirm or set aside the report in full.

First. As to the allowance of rental damages, the act of 1883 provided in section 1:

"Whenever the grade of any street, highway or bridge in any incorporated village, in this state shall be changed or altered so as to interfere in any manner with any building or buildings situate thereon, or adjacent thereto, or the use thereof, or shall injure or damage the real property adjoining such highway so changed or altered, the owner or owners of such building or real estate, may apply to the Supreme Court, in the judicial district, in which such property is situated, for the appointment of three commissioners to ascertain and determine the amount of damages sustained thereby; due notice of such application shall be given to the person or persons having competent authority to make such change or alteration."

Section 2 (as amended by chapter 172, p. 330, Laws 1894) provides:

"All the provisions of the condemnation law, relative to the appointment of commissioners, their powers, duties, fees and expenses, shall be applicable to the appointment of, and the powers, duties, fees and expenses of the commissioners, appointed in pursuance of the provisions hereof, etc."

As to rental damages, the commissioners found:

"That the grade of Main street in said village was permanently changed in front of said premises, and that said permanent change of grade in front of said premises is, and has been since September 1, 1901, a continuous trespass upon the easement of access to claimant's said premises, and solely in consequence of said trespass, and aside from any other causes, the rental or useful value of said premises was depreciated from said date to the date hereof in the sum of $1,225, below what said rental value would have been during said period if there had been no change in the grade of said street in front of said premises, and the rental value of said premises

was thereby damaged in the amount aforesaid, and the said sum of $1,225 is hereby awarded to the claimant Augusta Johns as full compensation for said rental damages."

The work was commenced September 1, 1901, and was completed in about one year. The report was not made until July 19, 1907. This proceeding was begun September 11, 1902, shortly after the completion of the work, but did not culminate in a report by the commissioners as stated above until five years later. We are not interested so much in the question whether the rental damages allowed were excessive as we are in the question of the right to such damages at all.

The ground upon which the commissioners allowed the rental damages, that the change in the grade of the street was a continuing trespass upon the claimant's easement of access to her property, was erroneous. There was never any trespass at all. The change was made under authority of law. There was not at common law any right in the property owner to recover damages occasioned by such change. Matter of Torge v. Salamanca, 176 N. Y. 324, 68 N. E. 626; Smith v. B. & A. R. R. Co., 181 N. Y. 132, 73 N. E. 679; Matter of Melenbacker v. Salamanca, 188 N. Y. 370, 80 N. E. 1090. The statute quoted was necessary, and was passed to enable the property owner to recover such damage. There is no controversy here over the allowance of the damage to the property, the fee damage. There might well have been a provision for interest on the award of fee damages from the time of the commencement of the work, but no such provision is contained in the statute, and it is not claimed anything could be allowed for such interest. It seems to me to be equally clear that no provision is contained in the statute for the allowance of loss in the rental value from the time the work is commenced until the report of the commissioners is made. The claimant really contends that such rental damages should be allowed to indemnify her for inability to recover interest, but I think this will not answer. If the Legislature desired to allow interest, they could have done so. They were under no obligation to provide for the recovery of any damages at all, and the property owner would then have been remediless. They saw fit to allow merely damages to the property, fee damages, without interest of any kind, and I think without rental damages such as are claimed here. The commissioners seemed to realize that something more was necessary than the statutory provision to authorize the allowance of this kind of damages, and therefore they conceived the idea of a continuing trespass from the commencement of the work until they made their report, a period of six years, in analogy to the rule in the New York Elevated Railroad cases. There was a continuing trespass there, but there is none here, as already stated.

It seems to me the true rule applicable to this statute is that laid down in Re Squires, 125 N. Y. 131, 26 N. E. 142, where it was held under a statute containing similar provisions that the damages contemplated are only the permanent injuries to the property from the completed work and its continuance thereafter. The Buffalo street grade crossing cases are not I think applicable here. The statutes under which the damages are allowed are not alike, and the proceedings are entirely different. The long delay in the proceeding, which

was brought by, and was under the control of, the claimant, was through no fault of the village or the railroad, even if not chargeable to the claimant. The proceeding might very likely have been commenced a year earlier than it was, as soon as the work was commenced. I think the Special Term properly held the claimant entitled only to damages to the property, known as "fee damages."

˙ Second. As to the question raised by the village and the railroad, that the Special Term could not confirm the report in part and disaffirm as to the balance. Section 3371, Code Civ. Proc., seems to provide that the report of the commissioners may be confirmed or set aside; not that it may be modified or changed in any respect. Manhattan Railroad Co. v. O'Sullivan, 6 App. Div. 571, 40 N. Y. Supp. 326, affirmed on opinion of court below, 150 N. Y. 569, 44 N. E. 1125; Matter N. Y. Tel. Co., 36 App. Div. 553, 55 N. Y. Supp. 729; Matter of Town of Guilford, 85 App. Div. 207, 83 N. Y. Supp. 312. The parties do not differ as to this proposition. The claimant contends only that, in case this court holds she was entitled to a confirmation of the entire report by the Special Term, we have the power to reverse the order as made, and ourselves make a new order of confirmation, and this because we can do whatever the Special Term should have done. Cases last above cited, and In re Trustees, 137 N. Y. 95, 32 N. E. 1054.

But, inasmuch as we conclude that the commissioners' report was erroneous, the order should be reversed, and a new order made directing a rehearing before new commissioners to be appointed by the Special Term.

Order reversed and report of commissioners vacated and set aside, and a rehearing ordered before new commissioners, with costs to abide event. All concur in result, except McLENNAN, P. J., who votes for affirmance, and KRUSE, J., who dissents.

˙ SPRING, J. I concur with Mr. Justice KRUSE that rental damages are allowable. I think, however, that the sum awarded is excessive. The improvement in front of the premises of the petitioner was not completed until September, 1902, and the evidence shows that "trade" was not "suspended or cut off" until that time. The commissioners allowed damages from September, 1901, a year before they commenced to accrue. In addition to this error, the sum awarded for the time permitted is more than the evidence justifies. This may be attributable somewhat to the erroneous position of the commissioners that the change of grade was a "continuous trespass upon the easement of access to claimant's said premises, and solely in consequence of said trespass, and aside from any other causes, the rental or useful value of said premises was depreciated."

I think the order should be reversed, and the matter remitted to the Special Term for the appointment of new commissioners.

˙ ROBSON, J., concurs.

KRUSE, J. (dissenting). That the petitioner is entitled to recover the damages to her premises by reason of the change in the grade of

the street which said premises adjoin has been settled by the Court of Appeals in the Torge Case.   Matter of Torge v. Village of Salamanca, 176 N. Y. 324, 68 N. E. 626.   The controversy here is over the amount of damages.   That question is in dispute, not only upon the facts, but the rule of law applicable for determining the damages is in dispute as well.   It appears that the work of changing the grade of the street was commenced in 1901, as early as the month of September, and completed a year later.   The commissioners determined that the premises in question were depreciated in value $2,100 by the change in the grade of the street.   This conclusion seems to have been reached by ascertaining the difference between the value of the lands before and after the change in grade of the street, and is reported by the commissioners as damages to the fee value of the premises.   No interest was allowed thereon, although the commissioners reported that the grade was changed as early as September 1, 1901. The sum of $1,225 was, however, allowed for loss in the rental value of the premises from the time that the grade was changed until the making of the award on the 19th day of July, 1907.

The Special Term confirmed the award as regards the so-called fee damages, but held that the petitioner and claimant was not entitled to recover the additional sum of $1,225 allowed for loss in rental value, and disallowed the same.   The right of recovery is based upon the provisions contained in chapter 113, p. 100, Laws 1883.   That act provides for compensation in a case like this, whenever the grade of the street is changed or altered so as to interfere in any manner with any building or buildings situate thereon or adjacent thereto, or the use thereof, or so as to injure or damage the real property adjoining the highway so changed or altered.   The statute evidently intended to provide for full compensation for the injury or damage done to the property under such circumstances, and that, in this case, includes not only damages to the fee, but diminution in the rental value from the time of the permanent change in the grade.   Manifestly the petitioner would not obtain full compensation if she can recover nothing for the loss in the use and occupation of the property for the time intervening the change in the grade and the making of the award.   It may well be that, had interest been allowed upon the award for fee damages from the time of changing the grade of the street, that award, together with such interest, would have been adequate compensation; but that was not done.

The case of Matter of Petition of Squire, 125 N. Y. 131, 26 N. E. 142, is relied upon as an authority for excluding the damages arising out of the loss in rental value.   In that case it was held that under the provisions of a statute which authorized the commissioners to award damages to the owner of lands contiguous to land taken, which may be affected by the construction and maintenance of the aqueduct and its appurtenances, the owner is not entitled to recover damages for the temporary inconvenience occasioned to adjacent lot owners from the prosecution of the work during the time of construction. That, however, is not this case.   Here the rental damages are not for temporary inconvenience, but result from a radical and permanent change in the grade of the street, and I think should be allowed.   Vil-

lage of Port Henry v. Kidder, 39 App. Div. 640, 57 N. Y. Supp. 102; Matter of Grade Crossing Commissioners, 17 App. Div. 54–62, 44 N. Y. Supp. 844; Id., 154 N. Y. 550, 49 N. E. 127; Matter of Grade Crossing Commissioners, 52 App. Div. 27, 64 N. Y. Supp. 769; Id., 165 N. Y. 605, 58 N. E. 1088. This case is like one where a plaintiff in an ordinary condemnation proceeding is permitted to enter into possession of the lands sought to be acquired, after the proceeding is commenced and before it is consummated, as is now provided by the statute. Sections 3379, 3380, Code Civ. Proc. In such a case it could not be reasonably claimed, as it seems to me, that an owner should not be compensated either for the use of the property in the meantime or interest on the award from the time it was so taken possession .of. While the award for loss in rental value seems large, I think we cannot say it is so excessive as to warrant setting aside the report of the commissioners upon that ground.

The order, so far as it disallows the damages for depreciation in the rental value and refuses to confirm the report of the commissioners in that regard, should be reversed, the report of the commissioners should be confirmed, and in all other respects the order appealed from should be affirmed, with costs to the petitioner.

PER CURIAM. Order reversed, and report of commissioners vacated and set aside, and a rehearing ordered before new commissioners, with costs to abide the event, upon the opinion of WILLIAMS, J., in matter of claim of Augusta Johns against same defendants, decided at this term of court (114 N. Y. Supp. 707).

