LEE et al. v. CHILDS et al., Com'rs.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1910.)

EMINENT DOMAIN (§ 275*)—DAMAGES—PAYMENT—REMEDIES—INJUNCTION.

Laws 1891, c. 93, authorizing the change of the channel of the Mohawk river, provides in section 5 that the commissioners are authorized to agree with the riparian owners, or the owners of lands adjacent to the old channel, as to the damages occasioned by the change, and in case of disagreement the title shall be acquired by condemnation. Laws 1907, c. 131, amending such act, authorized the city of Utica to borrow money for the purpose, among other things, of paying damages to riparian owners on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the old channel of the river for diverting the waters thereof. *Held* that, while the statute entitles owners to compensation which they did not have at common law, their rights, being dependent on the statute alone, must be enforced according to the procedure provided thereby; and hence an action to restrain the commissioners from completing the improvement until the owners' claim for damages is paid, or the appointment of a commission to ascertain the damages, will not lie.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 275.*]

Appeal from Judgment on Report of Referee.

Action by Cornelia Lee and others against Charles H. Childs and others, as Commissioners, etc. From a judgment entered on the report and findings of a referee, dismissing plaintiffs' complaint on the merits, plaintiffs appeal. Affirmed.

The action was brought to restrain defendants, as commissioners, from diverting the waters of the Mohawk river from its old channel to the new channel, made therefor by said commissioners, unless and until the claim of plaintiffs for damages claimed on account of such diversion was paid, or unless and until the said commissioners should apply for and secure the appointment of a commission to ascertain said damages under the provisions of chapter 93 of the Laws of 1891.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Theodore L. Cross, for appellants.
William Townsend, for respondents.

ROBSON, J. Plaintiffs, as the referee has found, are not owners of any part of the bed of the Mohawk river. As a corollary to this finding he has found that the state, for purposes of advantage to the use of the stream by the public, may change the course thereof without payment of damages, or liability therefor to owners of land adjacent to the river. But it seems that the statute by which the change of the river's channel was authorized, and under which these defendants were appointed and act as commissioners in fulfilling the purposes of the statute, gives to the owners of lands adjacent to the river as it flowed in the old channel a right to damages for diversion of the waters of the stream, which they did not have at common law. Section 5 of this statute (chapter 93, Laws 1891) among other things provides in effect that the commissioners are authorized in behalf of the people of the state of New York to agree with the riparian owners, or the owners of lands adjacent to the old river channel, as to the damages occasioned to such owners by the change of the channel, and in case of disagreement as to the amount of damages the commissioners shall acquire the title, rights, or interests of such owners by condemnation proceedings. It would seem to be clear that in this provision of the statute there is a recognition that owners of land adjacent to the old channel had an easement appurtenant to their land, which, if taken or interfered with by changing the river channel, would entitle the owners to compensation therefor in the manner provided by the statute. This right to compensation is again indirectly recognized in an amendment to the act above cited (chapter 131 of the Laws of

1907), which authorized the city of Utica to borrow money for the purpose, among other things, of "the payment of damages to riparian owners upon the old channel of said river for diverting the waters thereof."

The case here presented is one where the work is authorized by the statute to be done, and the right to prosecute and complete the work is not made to depend upon the satisfaction of the right of riparian owners to damages, if any they have. Plaintiffs' right to damages being dependent upon the statute alone, they are limited in enforcing that right to the procedure provided by the statute. The statutory remedy is exclusive, and must be followed by those seeking relief under its provisions. Matter of Melenbacker v. Village of Salamanca, 188 N. Y. 370, 377, 80 N. E. 1090; Smith v. Boston & Albany R. R. Co., 181 N. Y. 132, 73 N. E. 679. For that reason, if for no other, this action to restrain the commissioners from completing the contemplated improvement will not lie. If plaintiffs have rights as owners of lands adjacent to the old river channel, and the commissioners refuse to take proceedings to condemn those rights, then performance of their statutory duty may be compelled in a proper proceeding for that purpose.

In any event this action ought not to be maintained, even if plaintiffs' right to relief therein were to be based solely upon a discretionary exercise of the court's equitable powers in refusing the injunction. This great public work should not be held up simply because plaintiffs' damages have not been paid or adjusted. Besides, plaintiffs' business in which the river waters were used, and upon deprivation of which the chief claim for damages is predicated, was conducted in violation of a city ordinance, and was itself a nuisance.

The judgment should be affirmed, with costs. All concur.