THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE MOTT WHEEL WORKS, Respondent, *v.* HARRY R. HAYES, as Commissioner of Public Works of the City of Utica, N. Y., Appellant.

Fourth Department, May 9, 1917.

**Eminent domain — elimination of grade crossings, city of Utica — right of adjoining owner to damages — mandamus to compel condemnation — effort to purchase easements is prerequisite.**

By virtue of section 99 of the Second Class Cities Law a landowner in the city of Utica is entitled to damages consequent upon the change of grade in the city street made to eliminate a railroad grade crossing.

But a peremptory writ of mandamus commanding the commissioner of public works of the city to institute condemnation proceedings to determine the damages sustained by a landowner by reason of such change of grade should not issue until said commissioner has made an effort to acquire the rights by purchase pursuant to the provisions of section 92 of the Railroad Law, for it is only in case that he is unable to effect such purchase that he may proceed to condemnation.

APPEAL by the defendant, Harry R. Hayes, as commissioner, from an order of the Supreme Court, made at the Oneida Special Term and entered in the office of the clerk of the county of Oneida on the 16th day of December, 1916, granting a peremptory writ of mandamus commanding the defendant to institute condemnation proceedings to determine the amount of damages sustained by the relator by reason of the change of grade of Pleasant street in the city of Utica, adjoining the lands of relator so as to eliminate the grade crossing of that street by the tracks of the New York, Ontario and Western Railroad Company, pursuant to an order of the Public Service Commission.

*Nicholas G. Powers,* for the appellant.

*Miller & Williams* [*Seward A. Miller* of counsel], for the respondent.

PER CURIAM:

That relator is entitled to damages consequent upon the change of grade of Pleasant street by virtue of section 99 of the Second Class Cities Law (Consol. Laws, chap. 53; Laws of

1909, chap. 55) applicable to Utica, and section 92 of the Railroad Law (Consol. Laws, chap. 49 [Laws of 1910, chap. 481], as amd. by Laws of 1913, chap. 744), is settled in principle by several decisions. (See *Matter of Torge* v. *Village of Salamanca*, 176 N. Y. 324; *Matter of Melenbacker* v. *Village of Salamanca*, 188 id. 370; *Matter of Dupont*, 217 id. 612; *Matter of Grade Crossing Comrs.*, 154 id. 550; *People ex rel. Dole* v. *Town of Hamburg*, 58 Misc. Rep. 643; 127 App. Div. 948; affd., 193 N. Y. 614, on opinion of HAIGHT, J., in *Smith* v. *Boston & Albany R. R. Co.*, 181 id. 132; *People ex rel. Dawson* v. *Duffey*, 177 App. Div. 949, on authority of *People ex rel. Dole* v. *Town of Hamburg*.)

We are of opinion, however, that appellant, the commissioner of public works, by the express terms of section 92 of the Railroad Law, must, before instituting condemnation proceedings to acquire relator's easements, seek to acquire the same by purchase. It is only in case he is unable to effect such purchase that he may proceed to condemnation.

The order appealed from should, therefore, be modified so as to require appellant to acquire relator's easements by purchase, if he can do so upon terms satisfactory to the city and the railroad company, and if unable to do so, then to proceed by condemnation. As so modified, the order should be affirmed, without costs.

All concurred.

Order modified in accordance with opinion and as so modified affirmed, without costs of this appeal to either party.