In the Matter of the Application of the BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND Relative to Acquiring Title to Certain Real Property in Said County for Highway Purposes for the Highway Known as the Pearl River-Nanuet Highway No. 9006. BOARD OF SUPERVISORS OF THE COUNTY OF ROCKLAND, Appellant, Respondent; ELIZABETH M. FRITZEN, Appellant; LOUIS FERRETTI and PAUL FERRETTI, Respondents.— Order of the County Court of Rockland county dated December 14, 1934, and entered December 17, 1934, in a condemnation proceeding for the reconstruction of Pearl River and Nanuet Highway No. 9006, which order amends the judgment of condemnation dated March 7, 1930, so as to include therein a strip of land not described in the petition or the maps annexed thereto. On appeal by the board of supervisors of Rockland county, order in so far as it amends the judgment, appoints commissioners of appraisal and determines that claimants Ferretti are entitled to any award that may be made for the strip of land so included and for the consequential damages thereto, reversed on the law, with ten dollars costs and disbursements, and motion of claimants Ferretti denied, with ten dollars costs. On appeal by claimant Fritzen, order denying in all respects her motion on the merits affirmed, with ten dollars costs and disbursements. There is no power in the court, as a consequence of statutory authority or case law, to amend the petition or the judgment in the condemnation proceedings by way of including therein property not originally described in said petition pursuant to authority from the board of supervisors. (*Matter of Willcox* [*Fourth Ave. Subway*], 213 N. Y. 218, 225.) The board of supervisors has an initial discretion which may not be invaded. (*County of Jefferson* v. *Horbiger*, 229 App. Div. 381.) The claimants' proper remedy is to have recourse to mandamus requiring official action after the board has had an opportunity within a reasonable time to compensate for the taking. (*People ex rel. Mott Wheel Works* v. *Hayes*, 178 App. Div. 301.) Title to the strip physically appropriated (if unauthorizedly done) was not divested at the time of said physical appropriation. The only land, title to which was divested as of the filing of the commissioners' oaths in the condemnation proceedings, was such property as was described in the petition and the map annexed thereto when the proceeding was initiated. (*Rider* v. *Stryker*, 2 Hun, 115; affd., 63 N. Y. 136.) The determination as to which claimant the award should be paid, if any is made, must await the new condemnation proceeding, at which time it may be determined as of what date title in the strip is vested in the county in relation to the date of the physical appropriation by the State, before or after April 12, 1932. Appropriate regulation of this element should be had to effect justice. (*Matter of Public Service Commission,* 217 N. Y. 183.) This latter element must be considered in connection with its effect, if any, in relation to the foreclosure action and the character of the pleadings therein. (*Matter of City of New York* [*East 29th Street*], 247 App. Div. 648; *Bank of Auburn* v. *Roberts,* 44 N. Y. 192; *Matter of City of Rochester,* 136 id. 83, 89; *Jennings* v. *Tefft,* 248 App. Div. 918.) Lazansky, P. J., Hagarty, Carswell and Johnston, JJ., concur; Davis, J., concurs in result.