JOHNS v. VILLAGE OF SALAMANCA et al.

HOY v. SAME.

(Supreme Court, Special Term, Erie County. February, 1910.)

MUNICIPAL CORPORATIONS (§ 402*)—PUBLIC IMPROVEMENTS—DAMAGES—REPORT OF COMMISSIONER.

   Where the report of a second commission, appointed to award damages for change of grade of a street, awards only about half the amount claimed by claimants' witnesses, and the amount awarded as rental damages is below the computed amounts based on the actual receipts for rentals prior to the change of grade, and the award by the second commission is a substantial reduction from the award made by the first commission, and one claimant without the knowledge of the attorneys for the claimants or the defendants delivered a paper to each of the commissioners in which he made extravagant and unjust charges against defendant's witnesses and attorneys, the report of the commission will not be set aside, although the amounts allowed are twice the amounts stated by defendants' witnesses; two of the commissioners not having read the paper given them, and it not appearing that the third commissioner read it.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 977; Dec. Dig. § 402.*]

Proceedings to appraise damages to the property of Charles F. Johns, Augusta Johns, and Dora Hoy for change of grade of a street. On motion by claimants to confirm the report of commissioner, and by the Village of Salamanca and others to set aside such report. Report confirmed.

See, also, 129 App. Div. 930, 114 N. Y. Supp. 707, 712.

Frank H. Callan and Henry P. Nevins, for plaintiff.

George W. Cole and Charles C. Congdon, for Village of Salamanca.

Thomas H. Dowd and James P. Quigley, for Erie Railroad Company.

BROWN, J.   In the report of the commissioners to appraise claimants' damages by reason of the change of grade of Main street in Sal-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amanca, dated July 19, 1907, the claimant Charles F. Johns was awarded $2,100 as damages to the fee of his property and $1,225 as damages to the rental value thereof from the commencement of the work of the change of such street grade September 1, 1901, to the date of the report. The claimant Augusta Johns was awarded $1,850 as damages to the fee of her property and $1,080 as damages to the rental value thereof from September 1, 1901, to the date of the report, and the claimant Dora Hoy was awarded $——— as damages to the fee of her property and $——— as damages to the rental value thereof from September 1, 1901. By an order of Erie Special Term entered November 5, 1907, the report of the commissioners in so far as it awarded damages to the rental value of claimants' premises was vacated and set aside, and so far as it awarded damages to the fee such report was confirmed. The order also awarded claimants their statutory taxable costs and an extra allowance of 5 per cent. on the award for damages to the fee. The Appellate Division in 129 App. Div. 717, 114 N. Y. Supp. 707, reviewed this last-mentioned order directing its reversal, and providing for a rehearing before a new commission. From the opinion in the Appellate Division, the law of this case seems to be that the claimants are entitled to recover the damages to the fee and the damages for depreciation in the rental value from at least the date of the completion of the work of changing the grade of the street to the time of the award. In pursuance of the decision of the Appellate Division, a new commission was appointed, rehearing had, and reports made January 31, 1910. In and by such reports the commission awarded Charles F. Johns the sum of $1,670 as damages to the fee of his property and $739.50 as damages to the rental value thereof from the completion of the work of change of grade to the date of the report, to the claimant Augusta Johns $1,824 as damages to the fee of her property, and $870 as damages to the rental value thereof from the completion of the work of change of grade to the date of the report and to the claimant Dora Hoy $1,216 as damages to the fee of her property and $609 as damages to the rental value thereof from the completion of the work of change of grade to the date of the report. In opposition to the motions to confirm such reports, the defendants urge the objection that the awards are excessive.

While it is true that the awards are more than twice the average amounts stated by the defendants' witnesses to be claimants' damages, yet at the same time they are only about half the amounts stated by claimants' witnesses. While it is true that the awards as rental damages are more than twice the sums stated by defendants' witnesses, yet they are far below the computed amounts based upon the actual receipts for rentals prior to the change of grade. If the amount of fee and rental damage were to be assessed by the court and be solely based upon the testimony presented on this motion, it is quite likely that some of the awards would not be as great as determined by the commissioners. Under the statute, the commissioners are authorized to view the premises, hear the testimony, and ascertain the damages. The awards made by the second commission are a substantial reduction from the awards made by the first commission, and no satisfactory reason appears for finding that any of the awards are excessive.

The defendants move to set aside the reports upon the ground of improper conduct of claimants. Shortly after the submission to the commissioners, the claimant Charles F. Johns for and on behalf of himself and the other claimants without any knowledge on the part of the attorneys for the claimants or the defendants delivered to each of the commissioners a paper called his brief in which he made many extravagant, senseless, unjust, and improper charges against the witnesses who had been sworn by the defendants, and against defendants' attorneys calculated by such claimant to prejudice the rights of the defendants, and to magnify, exaggerate, and intensify the alleged reason why the claimants should be awarded the full damages claimed by them. The defendants now urge that such conduct on the part of the claimant was highly prejudicial to the rights of the defendants, and constitutes such an irregularity or fraud as calls for the setting aside of the report. The difficulty with such contention is that whatever purpose the claimant had to mislead or improperly influence the commissioners appears to have been of no avail. Two of the commissioners did not read the paper and paid no attention to it whatever. It does not appear that the third commissioner read it. The inference is so strong that a conscientious, high-minded man serving as a commissioner would discharge his duty in keeping with his oath that the presumption that the commissioners were influenced by such a paper cannot be indulged in, especially in view of the fact that the defendants have been unable to demonstrate that such influence has been successfully exerted to their prejudice.

An order may be entered confirming the report of the commissioners in each of the foregoing cases with taxable costs.

The application for an extra allowance of costs is denied.