### RIKER v. COMFORT.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. FRAUDS, STATUTE OF (§ 74*)—PROMISE TO CONVEY LAND.

> The parol promise of a purchaser at a foreclosure sale to reconvey the property within six months if paid $1,000 advance and his expenses was void under the statute of frauds.
>
> [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 122–131; Dec. Dig. § 74.*]

2. SPECIFIC PERFORMANCE (§ 32*)—UNILATERAL CONTRACT.

> An agreement by a purchaser of land at a foreclosure sale to reconvey the property within six months if paid $1,000 advance and his expenses was a unilateral contract, which will not be specifically enforced.
>
> [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 89–99; Dec. Dig. § 32.*]

Appeal from Special Term, Orange County.

Action by Elizabeth C. Riker against Harvey D. Comfort. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 123 N. Y. Supp. 1139.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Charles S. Simpkins, for appellant.

George R. Brewster, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM.  On April 13, 1908, the premises described in the complaint were sold under the foreclosure of a first mortgage, and purchased by the defendant for $4,010.  Plaintiff's husband was present at the sale as her representative.  She had at one time been the owner of the property, although the record title at the time of the foreclosure was in Robert D. Hudspeth, trustee.  There were two junior mortgages of the property, held by Louis P. MacNamara, which amounted in the aggregate to $915.  Plaintiff contends that at the time of the sale defendant told her husband that he would purchase the property and hold it for the account of plaintiff and her said husband for one year, if plaintiff would give him $1,000 for so doing. On January 12, 1909, plaintiff tendered to defendant $5,010 and demanded a deed of the property, which was refused.  Defendant admitted that plaintiff's husband asked him at the time of the sale if he could have the property back within six months if he paid $1,000 advance and expenses, and defendant agreed that he might.  The court has found that this oral promise was made, and that six months, and not one year, was the time specified.  The evidence sustains this finding. This action was brought to enforce the alleged parol agreement.  The court at Special Term gave judgment for the defendant.

The judgment must be sustained (a) because the promise, not being reduced to writing, was void under the statute of frauds; the statute was sufficiently pleaded; (b) the time specified in the parol agreement, as it was found to exist by the trial court, had expired three months before an offer of compliance upon plaintiff's part was made; (c) if a written agreement had been made for the period claimed by the plaintiff, and in the form of the oral agreement testified to by her witnesses, it would have been unenforceable for the reason that it was a unilateral agreement.  While defendant promised to sell, plaintiff did not agree to buy.  In such case an action for specific performance will not lie.  Levin v. Dietz, 194 N. Y. 376, 87 N. E. 454, 20 L. R. A. (N. S.) 251; Wadick v. Mace, 191 N. Y. 1, 83 N. E. 571.

The judgment appealed from should be affirmed, with costs.