In the Matter of the Petition of the NEW YORK MUNICIPAL RAILWAY CORPORATION et al., Respondents, against CHARLES WEBER et al., Defendants, and JOSEPH A. WALSH, Appellant.

**Condemnation  proceedings — when  error  for  Appellate Division to strike out damages altogether.**

Where the report of commissioners of appraisal in condemnation proceedings fixes the value of land taken and the damage done to the remainder of the tract, it is error for the Appellate Division to modify the report by striking out altogether the damages awarded. If it is dissatisfied with the report, it should direct a new appraisal.

*Matter of N. Y. Municipal Ry. Corp.* v. *Weber,* 179 App. Div. 245, modified.

(Argued February 24, 1919; decided March 18, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered August 24, 1917, which modified and affirmed

as modified an order of Special Term confirming the award of commissioners in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*Louis J. Altkrug* for appellant. The order of the Appellate Division violates the constitutional right of appellant to receive compensation for land actually taken by plaintiffs. (*S. B. R. R. Co.* v. *Kirkover*, 176 N. Y. 301.) The ruling of the Appellate Division, that the railroad was not responsible for the consequential damage, was error. (*Uline* v. *R. R. Co.*, 101 N. Y. 98; Elliott on Roads & Streets [3d ed.], § 35; *Sheffelin* v. *McClellan*, 135 App. Div. 665; *Brush* v. *N. Y., N. H. & H. R. R. Co.*, 162 App. Div. 731; *Hovey* v. *Haverstraw*, 124 N. Y. 273; *Reining* v. *N. Y., L. & W. R. R. Co.*, 128 N. Y. 157; *Bernhard* v. *City of Rochester*, 127 App. Div. 875; 194 N. Y. 566; *Sauer* v. *City of New York*, 180 N. Y. 27; *Matter of Rapid Transit Commrs.*, 197 N. Y. 81.)

*Charles L. Woody* and *George D. Yeomans* for respondents. The Appellate Division was correct in holding that the commission erred in awarding consequential damages caused not by the taking of the twenty-three square feet of land but by the change of grade of Eighty-sixth street in front of appellant Walsh's remaining property. (*Conklin* v. *N. Y., O. & W. R. R. Co.*, 102 N. Y. 107; *Ottenot* v. *N. Y., L. & W. R. R. Co.*, 119 N. Y. 603; *Rauenstein* v. *N. Y., L. & W. R. R. Co.*, 136 N. Y. 528; *Warner* v. *State*, 132 N. Y. 611.)

*Per Curiam.* This was a condemnation proceeding instituted to acquire title to a small piece of land belonging to the defendant Joseph A. Walsh. The land to be acquired was a part of a larger tract. The commissioners of appraisal duly made their report fixing the value of the land taken and the damage done to the remainder

of the tract. This report was confirmed at the Special Term. On appeal, the Appellate Division modified the report by striking out altogether the damages awarded to the defendant.

This left the defendant without any compensation at all for the taking of his property or for his damages. Clearly, the determination of the court at the Appellate Division was erroneous as the respondents' counsel admitted on the argument.

If the Appellate Division was dissatisfied with the report of the commissioners it should have directed a new appraisal.

Inasmuch as there will be a rehearing in this proceeding, it appears proper to say a word on the question of damages.

The general rule in this state is that in the absence of some statute the owner of property abutting on a street cannot claim damages for lawful change of grade in the highway. (*Conklin* v. *N. Y., O. & W. Ry. Co.,* 102 N. Y. 107.)

The appellant bases his demand for damages for a change of grade on the rule laid down in *South Buffalo Ry. Co.* v. *Kirkover* (176 N. Y. 301) which is that when land is taken by a railroad company, the owner may recover the market value of the land actually taken, also any damages resulting to the remainder of his land, *including the damage that will be sustained by reason of the use to which the part taken is put by the railroad company.* The part of the appellant's land taken is used for the purpose of erecting on it one end of a retaining wall which extends entirely across the street. It is not correct to say that the land taken is used for the purpose of changing the grade of the street for which the railroad company obtained authority in another way. The street grade could have been changed without taking the appellant's land. Therefore, he should not in this proceeding recover damages for a change of grade.

The order appealed from should be modified by remitting the proceeding to the Supreme Court, with instructions to provide for a new appraisal before new commissioners, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN, MCLAUGHLIN and CRANE, JJ., concur.

Ordered accordingly.