TOWN OF NICHOLS, Appellant, Respondent, *v.* SUMNER PARK and Another, Respondents, Impleaded with NELSON LYONS and Another, Defendants, and THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Intervenor, and THE NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Intervenor, .Respondent, Appellant.

Third Department, May 8, 1924.

Railroads — condemnation of land for highway in proceeding to eliminate grade crossings — highway crossed railroad twice within 2,000 feet — Public Service Commission determined that westerly grade crossing should be closed and diverted traffic to new highway to be constructed on north side of railroad tracks — town could not agree with owners of land required for new highway under Railroad Law, § 92, as to price — owners' house was on north side of crossing ordered to be closed and other buildings on south side — town commenced condemnation proceedings as directed by Railroad Law, § 92 — petition was limited to lands for new highway — map filed did not enlarge petition — improper to allow damages in this proceeding for closing crossing — owners have remedy under Railroad Law, § 94, subd. 9 — costs — petitioner entitled to costs in final order under Condemnation Law, § 16, since award was less than written offer made to purchase property and issues were determined on trial in favor of petitioner — though only allegation presenting triable issue was admitted by defendants, they are not relieved from costs where answer not withdrawn — costs on appeal are discretionary — costs not allowed on appeal — Appellate Division does not have power to modify report.

In proceedings by a town to condemn lands for highway purposes, it appeared that an existing highway crossed a railroad track twice within 2,000 feet; that the Public Service Commission, after proper hearings, determined to close the westerly grade crossing and to divert the traffic to a new highway to be constructed on the north side of the railroad; that the town could not agree

with the owners as to the purchase price of the land required for the new highway under section 92 of the Railroad Law, and instituted this proceeding as authorized by said section to condemn the land required; that the owners' house was on the north side of the crossing that was to be closed and other farm buildings were on the south side; and that the petition was limited to lands required for the new highway.

*Held*, that the filing of a map by the petitioners did not enlarge the scope of the petition; that it was improper to allow damages in this proceeding for closing the crossing near the owners' premises; and that the damages recoverable must be limited to the damage arising from the taking of the land for the new highway.

The owners have an adequate remedy under subdivision 9 of section 94 of the Railroad Law for any damage that they may suffer by reason of the closing of the crossing near their buildings.

The petitioner is entitled to costs of the trial, for while, under section 16 of the Condemnation Law, costs cannot be directed in the final order in favor of the petitioner where a written offer to purchase the property at a specified price has been made and the amount legally fixed is less than the offer, which was done in this proceeding, the petitioner is entitled to costs where a trial has been had on issues raised by answer and all of the issues determined in favor of the petitioner, which was the result in this proceeding.

The fact that the owners misconceived the triable issues and only presented by their answer the issue as to whether or not the petitioner had been unable to agree with them, which, as a matter of fact, it was not necessary to try, does not relieve the owners from costs of the trial thereof, although they admitted on the trial that the allegation in the petition was correct but did not withdraw their answer; under the pleadings, it was necessary to try that issue and the result of the trial was favorable to the petitioner.

But costs on appeal from the final order in condemnation proceedings are within the discretion of the court under section 1492 of the Civil Practice Act and under the circumstances of this case, the damages going to the plaintiff being very small, the Appellate Division will not award costs to either party on the appeal.

The Appellate Division does not have power to modify the report of the commissioners, but it must either confirm it or set it aside for error of law or on the ground that the award is excessive or insufficient, and, if it is set aside, a rehearing may be directed before the same commissioners.

CROSS-APPEALS by the plaintiff, Town of Nichols, and by the intervenor, The New York, Lackawanna and Western Railway Company, from a final order of the Supreme Court, made at the Tioga Special Term and entered in the office of the clerk of the county of Tioga on the 9th day of November, 1922, confirming the report of commissioners of appraisal in a proceeding under the Condemnation Law and section 92 of the Railroad Law to acquire certain lands for the purpose of a highway in aid of the plaintiff's application to eliminate a railroad grade crossing pursuant to section 91 of the Railroad Law, with notice of intention by both appellants to bring up for review all the proceedings subsequent to the judgment and with notice of intention by the plaintiff to also bring up for review that part of the said final order which denies costs to it on the issue formed by the petition and the answer of the defendants Sumner Park and Olie M. Park.

Separate appeal by said intervenor from a further order of the Supreme Court, made at the Tioga Special Term and entered at the foot of the final order in said clerk's office on the 14th day of December, 1922, fixing the allowance of fees to the commissioners and the stenographer.

The Public Service Commission of the State of New York was admitted as a party to the proceeding and the title of the proceeding was amended as above set forth by an order of the court duly entered on December 29, 1922.

*James S. Truman,* for the plaintiff, appellant.

*Stanchfield, Collin, Lovell & Sayles* [*Halsey Sayles* of counsel], for the New York, Lackawanna and Western Railway Company, intervenor, appellant.

*Lynch, Clifford & Taylor* [*Martin S. Lynch* of counsel], for the respondents.

*Charles G. Blakeslee* [*Russell B. Burnside* of counsel], for the Public Service Commission.

VAN KIRK, J.:

The New York, Lackawanna and Western Railway Company crosses a public highway, known as the River road in the town of Nichols, Tioga county, twice at grade within about 2,000 feet. The easterly crossing is called Stewart's crossing and the westerly Park's crossing. The highway, at Stewart's crossing, passes from the northerly to the southerly side of the railroad line, proceeds then about parallel to the railroad to Park's crossing, and there returns to the northerly side of the railroad. The town of Nichols, under section 91 of the Railroad Law, instituted a proceeding before the Public Service Commission, Second District, to have Park's crossing closed and discontinued and a highway constructed along the northerly side of the railroad company's right of way between the two crossings. In its petition it stated that the easterly crossing could not be discontinued because a highway, less used, branched there from this main highway and continued southerly. On August 17, 1920, all preliminary proceedings having been regularly had and all interested parties having been heard, the Public Service Commission determined that Park's crossing should be closed and the traffic diverted to a new highway to be constructed on the north side of the railroad company's line. Its order specifically described the land to be taken for, and fixed the location of, the new highway to be constructed, with directions for its manner of construction and protection, and

directed " that, upon the completion of the aforesaid new highway, * * * the aforesaid Park's grade crossing * * * shall be closed and discontinued." No appeal has been taken from this order of the Public Service Commission. The portion of the highway to be constructed on the northerly side of the railroad line passes through lands of the respondents Sumner Park and Olie M. Park, his wife, which lands lie on both sides of the railroad line, the residence on the north side near the Park's crossing and the tenant house and principal barns on the south side. Being unable to agree for the purchase of the Park's land necessary for this highway, under section 92 of the Railroad Law, condemnation proceedings were begun by the town of Nichols, making Sumner Park and Olie M. Park defendants, to acquire the necessary lands. The objections to the petition, on April 4, 1921, were overruled. The defendants Park answered. A referee was appointed, who, after evidence taken, reported that the plaintiff is entitled to judgment for condemnation of this real property; judgment was entered and three commissioners of appraisal were appointed. Of the lands described in the petition, parcel No. 1 belonged to the defendants Park; parcels Nos. 2 and 3, having been purchased by plaintiff after the proceeding was begun, are not involved in this appeal.

The commissioners of appraisal " unanimously decided and determined and do hereby find that the compensation to be awarded to Sumner Park and Olie M. Park, his wife, the owners of the land herein sought to be condemned, to be in the sum of two thousand four hundred dollars and thirty-seven cents ($2,400.37). And we do further report that said determination includes damages which we have allowed as a result of the closing of the old highway and the closing of the public crossing." They further state that they separately determine the amount of damages for the land taken on the northerly side of the highway and to the remainder of the farm because of the taking of such lands, without considering the question of any damage by reason of the closing of the public crossing over the railroad right of way and the closing and abandonment of any part of the old highway, to be $279.37.

On December 15, 1921, an agreement was entered into between the railway company and Sumner Park, by which the railway company will maintain a farm crossing at the Park's crossing for the benefit of Park and will provide suitable gates for the private crossing.

The appeal here is from the final order of confirmation and brings up for review all questions subsequent to the judgment. No question as to the judgment of condemnation or regularity of the proceedings is raised.

Two questions are presented on this appeal: (1) Whether the defendants Park may be allowed compensation other than for the land taken on the northerly side of the railroad line and such consequential damages as have been suffered to the remainder of the farm by reason of such taking; (2) what costs may be allowed. The answers to these questions are controlled by and must be found under the Condemnation Law. The condemnation proceeding is a proceeding in aid of the proceeding before the Public Service Commission for closing the crossing, but is a proceeding complete in itself. The Public Service Commission, under section 91 of the Railroad Law, has full jurisdiction to hear and determine whether or not a grade crossing shall be eliminated, what changes shall be made in the railroad line, and what highways or parts of new highways must be constructed in order that the elimination of the grade crossing may be consummated and the public travel upon highways accommodated. (Railroad Law, § 91, as amd. by Laws of 1914, chap. 378;* *Matter of Terminal Railway of Buffalo,* 122 App. Div. 59; affd., 192 N. Y. 534.) Its determination can be reviewed by appeal only. (Railroad Law, § 91, as amd. *supra; Matter of Rusk,* 164 App. Div. 917; affd., 213 N. Y. 701.) The Public Service Commission made its decision as hereinabove stated, but power to acquire real estate necessary to carry out its decisions is not given to the Public Service Commission. Section 92 of the Railroad Law (as amd. by Laws of 1913, chap. 744)* provided, at the time this proceeding was begun, that if the municipal corporation having jurisdiction over the road and in which the crossing is located shall be unable to purchase any of the lands, rights or easements necessary or required for the purpose of carrying out the provisions of section 91, it " shall acquire such lands, rights or easements by condemnation either under the Condemnation Law or under the provisions of the charter of such municipal corporation. The railroad company shall have notice of any such proceedings and the right to be heard therein." The plaintiff here, having been unable to agree with the defendants Park, was required to acquire the land necessary to construct the new highway north of the railroad track as provided by the order of the Public Service Commission. It brought this condemnation proceeding in obedience to that statute.

By its petition this proceeding was strictly limited to the lands necessary for the new highway northerly of the railroad. The scope of the petition was not enlarged by filing a map. It is nowhere suggested in the petition that the highway on the southerly side

---

* Since amd. by Laws of 1921, chap. 698.— [REP.

of the railroad line between the two crossings is to be discontinued. No authority rested in the Supreme Court or its commissioners in this proceeding to discontinue that highway. Compensation máy not be permitted in a condemnation proceeding for any property taken other than is specifically and definitely set forth in the petition. (*Matter of New York Municipal R. Corp.* v. *Weber,* 179 App. Div. 245, 249; *Bell Telephone Co.* v. *Parker,* 187 N. Y. 299.) The petition in this proceeding mentions no right or easement to be acquired. The town in this proceeding is not seeking to eliminate the Park's crossing. It is not seeking to acquire in this proceeding any right or easement which may be destroyed or impaired by eliminating this crossing. The State, in the exercise of its sovereign power and through its Public Service Commission, will close the crossing after the new piece of highway, the right of way for which this proceeding is brought to acquire, is built. (*Matter of Grade Crossing Comrs.,* 201 N. Y. 32.) If the defendants Park shall suffer damage (other than by the acquisition of this right of way) by reason of the later closing of the crossing, they will have to file a claim for damages with the Public Service Commission within six months after the completion of the work. (Railroad Law, § 94, subd. 9, as amd. by Laws of 1915, chap. 240;* *Matter of Melenbacker* v. *Village of Salamanca,* 188 N. Y. 370.) They cannot recover for such damages in this proceeding.

These defendants will suffer no damage to their farm as a whole by reason of the construction of the new highway. This highway lies parallel and near to the railroad lands, and their farm was divided by the railroad line before this proceeding was taken. The value of the small piece of land between the railroad and the new highway alone has been affected. The separate award, made by the commissioners of appraisal, for the land taken for the highway, includes compensation for any damage done to this " small piece of land." The defendants cannot have compensation for anything taken other than that for which the Commission has allowed in the separate award the sum of $279.37.

There was also error in the award of costs.

This proceeding was begun before the Condemnation Law (Consol. Laws, chap. 73 [Laws of 1920, chap. 923], as amd. by Laws of 1921, chap. 150, and subsequent statutes) took effect. This chapter (§ 28) repeals the provisions of the Condemnation Law in the Code of Civil Procedure (Chap. 23, tit. 1). There is, however, no variation in the provisions for costs in the two statutes. We shall hereafter refer to this chapter 73 of the Consolidated Laws as the Condemnation Law.

---

* Since amd. by Laws of 1921, chap. 698.— [REP.

The petition not having been dismissed after trial, the judgment properly omitted any provision as to costs. (Code Civ. Proc. § 3369; Condemnation Law, § 13.) Costs in the final order are controlled by the Code of Civil Procedure (§ 3372) and the Condemnation Law (§ 16).

(1) The plaintiff here made a timely written offer to the owner to purchase the property for $500; and, when the owner's wife was brought in by amended petition, plaintiff made another written offer to purchase her interest for $50. The compensation which could properly and legally be made was fixed at $279.37, a sum less than the amount of the offer with interest from the time it was made. No costs could be allowed to either party under this condition.

(2) There was a trial. After the defendants' objections to the petition had been overruled, the defendants filed an answer, in which the material allegations of the petition were denied. Most of these denials did not raise issues triable in the action, because the Public Service Commission, after all of said parties had been heard, had determined these issues. But the petition did allege, as it must under the statute (Code Civ. Proc. § 3360, subd. 5; Condemnation Law, § 4, subd. 5), " that the plaintiff has been unable to agree with the owner of the property for its purchase, and the reason of such inability," and the allegation is denied by the defendants Park. This issue was not before the Public Service Commission; it was open for trial. The defendants Park now insist the trial was unnecessary, but they filed their answer. True it is this denial was unjustified; on the trial the facts necessary to sustain the allegation were proved and the owner admitted them, but the answer was not withdrawn. The court is required to try any issue raised by the petition and answer, or it may refer the same to a referee to hear and determine. (Code Civ. Proc. § 3367; Condemnation Law, § 11.) A trial of this latter issue at least was necessary and was had. In consequence the plaintiff was entitled to recover of the answering defendants the costs of the trial caused by the interposition of this unsuccessful defense. The Special Term did not make such allowance of costs.

The Condemnation Law, as it was in the Code of Civil Procedure and is now, makes no provision for costs on an appeal from a final order in condemnation proceedings. The costs on the appeal are in the discretion of the court. (Code Civ. Proc. § 3240; Civ. Prac. Act, § 1492.) While in law a client must suffer the consequence of the mistakes of his attorney, in fairness and where the discretion of the court is invoked, the court may as far as possible relieve him of the burden of such mistakes. There was no reasonable ground for a trial of any issues in this proceeding.

All of the essential allegations of the petition, which could by any possibility have been successfully contested, had been disposed of before the Public Service Commission. But, because the defendants filed an answer and a useless trial was had, the plaintiff must be allowed the costs of the trial. The award to the landowner must be comparatively small, but his land is being taken against his will.

This court may not modify the report; it may either confirm the report or set it aside for error of law in the proceeding before the commissioners, or on the ground that the award is excessive or insufficient. If the report is set aside, it may direct a rehearing before the same or new commissioners. (*Matter of Johns* v. *Village of Salamanca*, 129 App. Div. 717; *Matter of New York Municipal R. Corp.* v. *Weber*, 226 N. Y. 70, 72; Code Civ. Proc. § 3377; Condemnation Law, § 21.)

The final order should be reversed for error of law, without costs to any party, and the proceedings remitted to the same commissioners to make and report a new appraisal in harmony with this opinion.

All concur; McCANN, J., not sitting.

Final order reversed on the law, without costs to either party, and the proceeding remitted to same commission to take and report a new appraisal in harmony with opinion.