DRUSIANNA P. ADAMO, Respondent, *v.* THE STATE OF NEW YORK, Appellant.*

(Claim No. 21778.)

Third Department, March 17, 1932.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Deputy Assistant Attorney-General,* and *James H. Glavin, Jr., Deputy Attorney-General,* of counsel], for the appellant.

*John J. O'Connor* [*Joseph A. Murphy* of counsel], for the respondent.

*Kenneth Creble,* for the New York Central Railroad Company.

RHODES, J. Claimant owned property consisting of a lot on which was a building known as Cobblestone Inn, on the south side of Mansion street in Coxsackie, N. Y. For the purpose of a grade crossing elimination the State appropriated an irregular piece of land taken from the northeast corner of claimant's property to be used for constructing a highway along the east side thereof.

* Revg. 140 Misc. 793.

The parcel appropriated forms a part of the roadway of the street thus laid out, such parcel being for the purpose of widening the approach and entrance to said street. Claimant received an award in the Court of Claims of $7,500, upon which judgment has been entered in the sum of $8,498.75. The State now appeals on the ground that the award is excessive and includes items not a proper basis of legal damage. The New York Central Railroad Company, while not an appellant, has filed a brief as a party interested.

The appellant objects to proof received as to a temporary barricade on Mansion street during the work of elimination, claimant having proved facts showing the barricade and the alleged injury because of the consequent diversion of tourist traffic away from her premises. The court made no specific finding as to any damages in this respect and the introduction of the evidence complained of, under the circumstances, is not such a serious error as to call for reversal, although such damages are not recoverable. (*Story* v. *New York Elevated R. R. Co.*, 90 N. Y. 122.) The matter is adverted to, however, lest on a new trial the court below be led to assume that the reception of this evidence is regarded as proper.

Similarly evidence was received on the part of claimant to show a decrease in the amount of her business because of the nature of the improvement, claiming that her premises were less available and that tourists were less attracted to the inn. Testimony was received to show a falling off in receipts of the business, but no finding in this respect was made by the court. Such loss or damage to business is not a proper element of damage. Both parties concede that the damages are to be ascertained by determining the value of the entire property before taking and the value of the remaining property after the completion of the elimination project. Manifestly this rule does not permit an award for loss of business. Here also the question is referred to in order that the court below may not be led to believe that such an element of damage is considered proper. This objection, of itself, is not of sufficient seriousness to justify a reversal.

The trial court, however, found in effect that claimant's hotel property has been greatly damaged by the marked change of grade caused by the elimination project. An abutting property owner is not entitled to damages resulting from a change of grade in the absence of statute. (*Matter of New York Municipal Railway Corp.* v. *Weber*, 226 N. Y. 70; *Lewis* v. *State of New York*, 233 App. Div. 884; affd., 258 N. Y. 568.) Section 6 of the Grade Crossing Elimination Act provides: " If the work of such elimination causes damage to property not acquired as above provided, the State shall be liable therefor in the first instance, *but this pro-*

*vision shall not be deemed to create any liability not already existing in law."*

Claimant argues, however, that the damages resulting in a change of grade incidental to the work may be considered under the general rule for the ascertainment of damages where the property is taken by condemnation. In *Story* v. *New York Elevated R. R. Co.* (*supra*) the rights of an owner of property abutting upon a street to damages arising because of an elevated railroad structure erected in the street, are fully discussed. There it was held that the abutting property owner was entitled to damages resulting from the maintenance of the structure in the street because the abutting owner had an easement of light, air and access from the street. Therefore, in such case it was competent to inquire as to the extent of the interference with his rights in the street. In *South Buffalo R. Co.* v. *Kirkover* (176 N. Y. 301) the court states the rule to be that the owner is entitled to recover the market value of the premises actually taken by such railroad company, and also any damages which resulted to the portion of his premises not taken, not only by reason of the taking of the property acquired by the railroad company, but also by reason of the use to which the property was put by the company. The court said: " The difference between the elevated railroad cases and this case is not material. In this case, as in the elevated railroad cases, one of the questions is as to the damages inflicted upon land not taken, and the inquiry is, to what extent does the use of the railroad on the adjacent property taken, damage the property, the fee of which remains in the defendants? This property is the land and its appurtenances. Any evidence tending to legally establish the amount of this damage is competent." It will be noted that in all of the cases relative to the damage to the remaining land not taken, the inquiry is directed to the effect upon the remaining land of the permanent structure to be erected on the part taken. In none of the cases is reference made to any element of damage for the change of grade. The property of the claimant here could have been acquired and a change of grade could have been carried out irrespective of the elimination project. Therefore, claimant is not entitled to damages for the change of grade. (*Matter of New York Municipal Railway Corp.* v. *Weber, supra.*)

The trial court viewed the premises and it may be conceded that the evidence is sufficient to support the award without the inclusion of any item for damages for change of grade. It is impossible, however, to know to what extent the decision was influenced by consideration of the change of grade, nor how much of the award represents damages therefor. The finding of the court indicates

that it regarded such damages as substantial, and it may be that its award includes a substantial amount for such supposed damages.

The judgment should, therefore, be reversed and a new trial granted, with costs to abide the event.

All concur.

The court reverses findings of fact numbered 14 and 16, contained in the decision, and any findings of fact as to damages contained in the conclusions of law.

Judgment reversed, on the law and facts, and new trial granted, with costs to the appellant to abide the event.