ALBERT J. KOST, SR., and JENNIE E. KOST, His Wife, Claimants, *v.* THE STATE OF NEW YORK, Defendant.

Claim No. 21891

Court of Claims, December 5, 1932.

*Robbins, Wells & Walser [Guy O. Walser* of counsel], for the claimant.

*Louis J. Carruthers,* for the Long Island Railroad Company.

*John J. Bennett, Jr., Attorney-General [James H. Glavin, Jr., Deputy Assistant Attorney-General,* of counsel], for the State of New York.

BARRETT, P. J. This is a claim for the appropriation of real property at Sayville, in the county of Suffolk.

The State took possession of the property by filing the map and accompanying papers on October 22, 1929, while the notice of appropriation and papers connected therewith were not served until about March 3, 1930. While the appropriation is not complete until the service of the necessary papers, yet both parties seem to have adopted the court's suggestion made at the opening of the trial that damages should be proved as of October 29, 1929. I may say too that I am convinced that said date was the proper one.

Damages caused by the actual occupancy of the premises thereafter cannot and are not here considered.

The inquiry, therefore, is what was the difference in value of claimants' entire property before and after the appropriation, or in other words, what was the value of the property taken before the appropriation and what damages were caused to the remaining property by the taking. Under the decision of *Adamo* v. *State* (235 App. Div. 12), decided after the trial of this claim, no damages, including business losses, can be allowed here that were caused by the change of grade of the highway, and the evidence of such damages admitted on the trial has not been considered.

A triangular strip of claimants' land in front was appropriated, consisting of 1,742.40 square feet, about 154 feet in length on one side, about 164 feet in length on the other side and slightly over 23 feet in width at the east end. The appropriation caused a depreciation in value as stated by one of the State's witnesses of $935, while claimants' estimate of value of the land taken was $1,202.23.

The claim of the State is substantially that there can be no award in excess of the value of this piece of land, claiming that practically all other alleged damages were caused entirely by the change of grade of the highway. If no part of claimants' property had been taken, I would be in accord with the State's contention, but that is not the case as a substantial portion of claimants' property, twenty-three feet in depth at one point and in front of claimants' place of business, was appropriated and I cannot agree with the State's position that the elimination of this portion of

claimants' property did not decrease the value of claimants' remaining premises.

It is quite clear from the evidence that the space taken was occupied before the appropriation for the display of automobiles. The claimants by the appropriation were deprived of that space for that use and clearly this has caused claimants' entire premises to be less adapted for display purposes, which is one of the uses for which the property was peculiarly adapted. Claimants' quantity of land has been lessened and their buildings have been rendered less accessible to traffic on the south country road. This shrinkage of claimants' land has caused the property to be less adaptable as a garage because there is less room in front for that purpose. The appearance of the property has been changed by the taking and claimants' land has been caused to front on a macadam road instead of an asphalt pavement. All of these items I am satisfied may properly be considered as items of damage incidental to the taking. Indeed it might possibly be claimed that the mere taking of this strip of land in front of claimants' premises did result in a reduction in the amount of business transacted but it is impossible from the testimony and it probably would have been impossible in any event. to prove the exact proportion of business so affected. In any event, I have not considered business losses or damages as a result of the improvement itself.

I have viewed the property and am satisfied that the claimants should have an award in the sum of $5,000.

PARSONS, J., concurs.