ERNEST BLEECK, Claimant, *v.* STATE OF NEW YORK, Defendant

(Claim No. 27358.)

Court of Claims, January 24, 1945.

*Nathaniel L. Goldstein, Attorney-General (Ward N. Truesdell* of counsel), for defendant.

*Leonard S. Busch* and *Leslie G. Dinsbier* for claimant.

RYAN, J. This is a motion by the Attorney-General for an order dismissing the claim herein on the ground that it was not filed within two years after the accrual thereof and for such other and further relief as may be just and proper, including, in the alternative " an order dismissing and striking out the claim and the whole thereof on the ground that the claimant, Ernest Bleeck, is not the owner in fee simple absolute of the premises mentioned." The motion has been argued simultaneously with a companion motion to dismiss the claim of *Beck Properties, Inc.,* v. *State of New York* (184 Misc. 148), which motion we have granted for the reason set forth in an accompanying memorandum.

In this case it appears that by deed dated June 1, 1910, Ernst Bleeck conveyed to his son, Ernest Bleeck, the above-named claimant, and to Julia Bleeck, his wife, lands in the town of Elma, Erie County, said to contain about ten and one-half acres. On the same day Ernest Bleeck, this claimant, and Julia, his wife, executed a mortgage upon a portion of these lands, said to be about one acre, to the Bank of East Aurora. On January 6, 1914, this mortgage was assigned to Magnus Beck Brewing Company which corporation, subsequently and on December 21, 1932, changed its name to Beck Properties, Inc. That portion of the Bleeck lands so mortgaged is described as follows: " All that tract or parcel of land, situate in the Town of Elma (formerly Aurora) County of Erie and State of New York, being part of Lots No. 42 and 38 described as follows: Commencing at the point of intersection between the southerly line of Lot No. 38 and the Westerly boundary of lands formerly owned by the Buffalo and Washington Railroad Company; thence westerly along southern boundary of Lot 38 and Lot 42 one hundred sixty-eight (168) feet; thence northerly along a line parallel to the easterly boundary of Lot 42 to the westerly boundary of lands formerly owned by the Buffalo and Washing-

ton Railroad Company; thence southeasterly along the westerly boundary of lands formerly owned by the Buffalo and Washington Railroad Company to the place of beginning."

The foregoing description is recited in the claim herein and is identical with the description of lands set forth in the claim of Beck Properties, Inc., Claim No. 27359, wherein, as above stated, we have granted a motion for dismissal, the ground being that the claim fails to state facts sufficient to constitute a cause of action.

Under date of April 29, 1935, *lis pendens* was filed by Beck Properties, Inc., for the foreclosure of the mortgage above described and under date of March 21, 1940, the said corporation became grantee in a referee's deed on said foreclosure, which deed was recorded March 25, 1940, in the Erie County Clerk's office.

It appears that, while this foreclosure action was pending, plans were made for the elimination of a grade crossing of the Pennsylvania Railroad Company over the Jamison-East Elma State Highway in the town of Elma and that in preparing such plans it was proposed to appropriate from Ernest Bleeck, " reputed owner ", three parcels of land. Of these, two parcels were to be taken permanently and one parcel taken as a temporary easement for a highway detour during construction.

The parcels are described by metes and bounds in the claim. Those alleged to have been permanently appropriated are Parcel No. 11, containing 0.266 of an acre lying on the northeasterly side of the railroad right of way, and Parcel No. 12, containing 0.094 of an acre lying on the southwesterly side of the railroad right of way. Although the pleading is not specific, we understand from the affidavits filed on the motion, the abstract of title which supplements them and the statements of counsel upon the argument, that Parcel No. 11 is carved out of lands not covered by the mortgage of June 1, 1910, and that Parcel No. 12 is carved out of lands included in said mortgage. There is a reference in the affidavit of claimant's attorney to an amended map's having been filed and served after work on the elimination had been commenced but we take the pleading as it is whether the description therein is that appearing on the original map or on an amended map.

The parcel taken for a temporary easement for highway detour during construction is definitely a part of the lands covered by the mortgage. The easement is described as a strip of land 20 feet deep along 135.92 feet of the 168-foot Jamison road frontage of the property.

It is undisputed that no notice of appropriation was ever served on Beck Properties, Inc., that a notice of appropriation was served on Ernest Bleeck on October 17, 1940, that the affidavit of such service was filed in the Erie County Clerk's office November 27, 1940, and that this claim was filed November 27, 1942. Apparently no notice of appropriation was ever served on Julia Bleeck who appears to be a grantee, as tenant by the entirety, in the deed of June 1, 1910. At least there is nothing before the court to indicate that she was so served.

It is provided by subdivision 1 of section 10 of the Court of Claims Act (L. 1939, ch. 860)* that a claim for the appropriation by the State of lands shall be filed within two years after the accrual of such claim. To the Attorney-General's first ground of dismissal, viz., that the claim was not filed within two years after the accrual, the claimant's attorney makes answer that the appropriation was not complete until the affidavit of service was filed in the Erie County Clerk's office and that the claim was filed two years to a day from that date. He asserts that the courts have implied that the statute begins to run with the filing in the county clerk's office. It is true that in *Buffalo Valley Realty Co.* v. *State of N. Y.* (273 N. Y. 319) attention was directed to the fact that the filing of the map and proof of service in the county clerk's office constituted a cloud on claimant's title, if the appropriation should be held to be incomplete, and that strict compliance with the statute had resulted in an appropriation by the State of which it could not divest itself by filing an amended map. In that case there was a mistake in the name of the person certified as the owner. The same situation exists here, at least in respect to Parcel 12 and Parcel 9. The same statute is involved and, curiously enough, the lands are located in the same township and county. But in the *Buffalo Valley* case (*supra*) there was no question about the timely filing of the claim. The map was served September 21, 1929, a notice of intention was served March 26, 1931 and the claim was served June 9, 1931, well within the two years. We are asked, in effect, to extend claimant's time to file his claim by whatever period of time the filing of the proof of service might be delayed. This we cannot do. The question is jurisdictional and the Court of Claims Act, in respect to the requirements as to filing claims, has always been strictly construed. Moreover, as Judge HUBBS pointed out, the

---

* Made applicable by subdivision 8 of section 5 of chapter 678 of the Laws of 1928 to cases of the appropriation of land.— [REP.

statute (L. 1928, ch. 678), provides that when the service is made on the owner the appropriation " shall be deemed complete ". We conclude that the claim must be dismissed for lack of timely filing.

As to the second ground for dismissal urged by the Attorney-General, viz., that Ernest Bleeck is not the owner of the premises mentioned, it appears that in respect to the unmortgaged property, the said claimant is one of the owners as tenant by the entirety. The other is Julia Bleeck. Since she has not joined in this action the claimant Ernest Bleeck, were his claim timely filed, could recover only one half the value of the lands taken. (*MacFarland* v. *State of New York,* 177 Misc. 117.)

In respect to the mortgaged premises, claimant's attorney asserts that Ernest Bleeck was the equitable owner thereof by virtue of the fact that pending and subsequent to the foreclosure he remained in possession under an agreement with Beck Properties, Inc., to refinance his indebtedness and redeem his lands. It is argued that this court should give Bleeck the opportunity to prove his title in court. The difficulty is that we are without jurisdiction to give claimant this opportunity because the claim was not filed within the statutory period.

The State of New York has appropriated Parcels 11 and 12 and, temporarily, Parcel 9. It is altogether unlikely that the State will fail to compensate the owners of these parcels for the value thereof. Perhaps the defect of parties can yet be cured and the administrative department charged with grade crossing elimination work will find a way, under existing law, to serve notices of appropriation upon Beck Properties, Inc., on Julia Bleeck, if in fact she was not heretofore served, and upon all proper parties whosoever they may be. That is not for us to say. Certainly in respect to Ernest Bleeck and apparently in respect to the others the remedy lies with the Legislature. (*Federal Land Bank* v. *State of New York,* 255 App. Div. 936.)

An order may be entered dismissing the above-entitled and numbered claim for failure to file within two years from October 17, 1940, without prejudice to any claim of the parties herein mentioned or of any owner of the lands appropriated, used and occupied by the State of New York. Settle order by stipulation or on notice.