BECK PROPERTIES, INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27359.)

Court of Claims, January 24, 1945.

*Nathaniel L. Goldstein, Attorney-General* (*Ward N. Truesdell* of counsel), for defendant.

*Leonard S. Busch* for claimant.

RYAN, J.   The claimant pleads:

" 2. The claim is for damages to claimant's premises hereinafter described, by reason of the permanent closing of the Jamison Road as it was formerly travelled and locating the same approximately fifty feet southerly therefrom and diverting the traffic which normally passed east and west in front of plaintiff's premises, used as a general store and tavern, with the resultant loss of patronage and business and the income incident thereto.   *   *   * "

" 7. The value of the premises, with the building and improvements thereon, damaged as above set forth, is upwards of the sum of Ten Thousand ($10,000.00) Dollars and the damage to said premises of the claimant by the closing of Jamison Road is the sum of Eight Thousand ($8,000.00) Dollars."

The Attorney-General has moved to dismiss this claim " on the ground that it appears on the face of same that such claim does not state facts sufficient to constitute a cause or causes of action; and for such other and further relief as may be just and proper ".

The motion must be granted for two reasons: 1. It is pleaded that claimant's lands, allegedly damaged, lie in the town of Elma, Erie County.   There is no statutory authority for the recovery of damages for change of grade of a highway, nor for the closing of a highway and its diversion and relocation, applicable to such township. (See discussion in *Knights* v. *State of New York*, 161 Misc. 552, affd. 251 App. Div. 781, leave to appeal denied 275 N. Y. 650. See, also, *Miller* v. *State of New York*, 229 App. Div. 423; *Van Aken* v. *State of New York*, 261 N. Y. 360. See, also, *Lewis* v. *State of New York*, 258 N. Y. 568, and comment thereon in *Mirro* v. *State of New York*, 172 Misc. 963, affd. 260 App. Div. 525, affd. 285 N. Y. 678. Likewise see comment in respect to the *Lewis* case [*supra*] in *West 158th Street Garage Corp.* v. *State of New York*, 168 Misc. 822, revd. on other grounds 256 App. Div. 401.)

2. As we read claimant's allegation of damages sustained as the result of the road closing, it is a demand for loss of profits. It is well settled that such damages are not recoverable. (*Adamo* v. *State of New York*, 235 App. Div. 12; *Banner Milling Co.* v. *State of New York*, 240 N. Y. 533; *Sparkill Realty Corp.* v. *State of New York*, 268 N. Y. 192.)

The dismissal for insufficiency of the pleading being granted it would, ordinarily, be unnecessary to discuss the alternative ground on which the motion is based which is that the claim was not filed within the statutory time limitation. However,

we allude to this for the reason that the Deputy Attorney-General in his argument, both oral and written, has asserted that the ninety-day limitation, provided by subdivision 3 of section 10 of the Court of Claims Act (L. 1939, ch. 860), applies. We believe that the applicable limitation is found in section 6 of chapter 678 of the Laws of 1928. The limitation therein expressed for the filing of claims for damages to property not acquired* is six months after the final approval of the work by the Public Service Commission. It is asserted herein by affidavit that the work was completed July 31, 1941, but there is no suggestion of a date when it was approved by the Public Service Commission. Hence, were an actionable cause pleaded, the motion to dismiss for failure to file in time would, necessarily, be denied, as it is not shown when the statute began to run.

No taking of any of claimant's property is alleged in the claim. There is set forth a description by metes and bounds of the lands allegedly damaged and which it is averred claimant owns in fee simple absolute " subject to the right to redeem from a foreclosure of the same existing in favor of Ernest F. Bleeck and Julia Bleeck, his wife, the former owners of said premises." That description is identical with the description of lands set forth in the claim of Ernest Bleeck, Claim No. 27358, for the dismissal of which claim a companion motion has been made which motion we discuss in an accompanying memorandum. (*Bleeck* v. *State of New York,* 184 Misc. 138.)

The motion to dismiss the pleading herein on the grounds stated must be granted. Enter order accordingly.

---

* As to property acquired, subdivision 8 of section 5 of chapter 678 of the Laws of 1928 expressly makes the Court of Claims Act applicable.— [REP.