ERNEST F. BLEECK et al., Claimants, *v.* STATE OF NEW YORK,
Defendant.   (Claim No. 28294.)

Court of Claims, June 30, 1947.

*Thomas J. O'Donnell* and *Leslie G. Dinsbier* for claimants.

*Percy R. Smith* for Pennsylvania Railroad Company.

*Elmer R. Weil* and *Ralph A. Lehr* for County of Erie.

*Nathaniel L. Goldstein, Attorney-General (Ward N. Truesdell* and *Harold S. Coyne* of counsel), for defendant.

RYAN, J. This claim was filed pursuant to chapter 927 of the Laws of 1946, an enabling act. Previously, a claim filed by Ernest Bleeck was dismissed by this court for lack of timely filing. (*Bleeck* v. *State of New York,* 184 Misc. 138.) At the same time we dismissed a companion claim upon the ground that it did not state facts sufficient to constitute a cause of action. (*Beck Properties, Inc.,* v. *State of New York,* 184 Misc. 148.)

Said decisions were upon motions made by the Attorney-General and were determined upon the pleadings, upon affidavits submitted and after hearing oral argument. It now appears, upon the proofs adduced upon the trial of the present claim, that in our statement of facts in the opinions previously rendered there were certain inaccuracies. These we now correct. First: Parcel 11, permanently appropriated, contains 0.136 of an acre of land, not 0.266. Second: Both Parcel 11 and Parcel 12 were taken from lands not covered by the mortgage of June 1, 1910. Third: The parcel taken for a temporary easement for highway detour during construction was not a part of the lands covered by the mortgage. It measured 135.92 feet along Jamison Road but it was not part of the 168 foot frontage of the mortgaged lands. It was 300 feet beyond that frontage and at the extreme westerly limit of the unmortgaged lands owned by Bleeck. Fourth: The deed dated June 1, 1910, from the father

Ernest Bleeck to his son and his son's wife, Julia, did not convey ten and one-half acres but conveyed only the lands mortgaged on the same day, being about one acre. The remainder of the ten and one-half acres was inherited by the claimant, Ernest Bleeck, when his father died in 1926. So much by way of correcting the record.

The one acre of land was a triangular piece, its south boundary fronting on Jamison Road, bounded on the west by a line perpendicular to Jamison Road and bounded on its third side by the right of way of the railroad. No part of this land was taken. Jamison Road was closed at the railroad line and was relocated at a point 65 feet to the south where it was depressed and passed under the railroad. Parcels 11 and 12 were not used for the diversion of the highway nor for the underpass. They were used for extending a culvert which carried a small stream under the railroad at a point approximately 650 feet distant from the former intersection at grade of Jamison Road and the railroad. The principal buildings were located on the one acre. One building, which at one time had been occupied by a tenant who operated an automobile repair shop, was located on the unmortgaged lands. There were no buildings on Parcels 11, 12 or 9.

Upon the trial claimants sought to establish that at the time of the appropriation of Parcels 11, 12 and 9 by the State of New York, they were the owners of the triangular one acre of land as well as of the larger tract from which it had been severed in 1910. Their apparent purpose was to enhance the damages recoverable in this action by showing that the one acre, and the buildings standing upon it, used for a country tavern and general store, were diminished in value by the work of the elimination, which included the dead ending of the old Jamison Road at the railroad crossing, a change of grade and the relocation of the highway. To this end claimants pleaded, both in the claims previously dismissed and in the present claim, an agreement between Ernest Bleeck and Beck Properties, Inc., whereby Bleeck was to refinance his indebtedness to that corporation and redeem the one acre sold and conveyed to it under mortgage foreclosure.

Upon the trial it developed that the agreement referred to was not in writing but oral. Testimony was offered and received to the effect that when the foreclosure action was pending a conversation took place between Ernest Bleeck and one Edward M. Scheu, the president of the Beck corporation, in the office of the corporation's attorneys and in the presence of the attorney

who was then in charge of the foreclosure action. All three persons testified to the same effect. The substance of the talk between Bleeck and Scheu was that if the corporation obtained a referee's deed to the property Bleeck could remain in possession and that if he could raise sufficient funds to refinance the property the corporation would deed it back.

Although *lis pendens* in the foreclosure action was filed April 29, 1935, the referee's deed to Beck Properties, Inc., was not executed and delivered until March 21, 1940. It appears that Bleeck did remain in possession and that ultimately Beck Properties, Inc., did deed the property back to him. But this was not until August 31, 1946, which was subsequent to the dismissal of the previous claims and subsequent to the enactment of the enabling act under which this claim is filed. The appropriation of Parcels 11, 12 and 9 by the State was complete when the notices of appropriation and maps were served. That was on October 17, 1940. At that time the owner in fee of the one acre of land was Beck Properties, Inc. The agreement was unilateral, unenforcible and void by the Statute of Frauds. It created no rights as against the State of New York. (Real Property Law, § 259; *Dung* v. *Parker,* 52 N. Y. 494; *Riker* v. *Comfort,* 140 App. Div. 117.)

The State appropriated parts of the lands Bleeck owned. It took no part of the lands the Beck corporation owned. Whatever effects the grade crossing elimination had on that piece of property were *damnum absque injuria.* The previous claim therefor was dismissed as not stating a cause of action. (*Beck Properties, Inc.,* v. *State of New York,* 184 Misc. 148, *supra.*)

Moreover, if the one acre had never been conveyed out of the ten and one-half acres but had remained as part of the larger tract, the owner thereof would not be entitled to recover, as an element of damages consequential upon the taking of Parcels 11 and 12, compensation for the loss of value of the tavern property. (*Van Aken* v. *State of New York,* 261 N. Y. 360; *Adamo* v. *State of New York,* 235 App. Div. 12.) And any loss of value in respect to the garage building, the one structure standing on lands of which Bleeck owned the fee at the time of the appropriation, falls within the same rule. The parcels taken were remote from this building which, like the tavern and general store building, abutted on Jamison Road. The purpose for which they were taken had no relation to the changes made in the grade, location or course of that highway.

What claimants are entitled to recover is an amount which will fairly compensate them for the lands actually **appropriated**

together with such damages as flowed from their severance from the larger tract. Claimants are also entitled to recover compensation for the use of the temporary easement in Parcel 9 during the course of construction. In an accompanying decision we make awards accordingly.