■ In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to the Real Property Required for Street Purposes to Oakland Street, in the Borough of Brooklyn. NEWOAK REALTY CO., INC., et al., Respondents-Appellants.— In a condemnation proceeding, the condemnor, the City of New York, and two claimants, Newoak Realty Co., Inc., and the Wayne County Produce Company (respectively referred to herein as Newoak and Wayne), cross-appeal from stated portions of the third and last separate and partial final decree of the Supreme Court, Kings County, entered October 6, 1958, as amended by order of said court dated May 23, 1960. The appeals are limited to the awards made with respect to Damage Parcel No. 32 (Newoak's property) and with respect to Damage Parcels Nos. 33 and 34 (Wayne's property). Decree as amended by said order, modified on the law and the facts as follows: (1) As to Damage Parcel No. 32, by striking out the allowance of $3,500 for fixtures; by reducing the allowance for consequential damage to buildings from $43,500 to $15,000; and by reducing the total allowance from $92,000 to $60,000. (2) As to Damage Parcels Nos. 33 and 34, by reducing the allowance for direct damage to land from $31,200 to $31,000; by reducing the allowance for reconstructing buildings from $25,000 to $18,000; by increasing the allowance for fixtures from $34,000 to $47,000, and by increasing the total allowance from $228,000 to $233,800. As so modified, the decree, insofar as appealed from, is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, Parcel 32, together with the adjacent property also owned by claimant Newoak, was an integrated plant. The same is true as to Parcels 33 and 34 together with the adjacent property also owned by claimant Wayne (see *United States* v. *Miller*, 317 U. S. 369; *Baetjer* v. *United States*, 143 F. 2d 391; *Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25, cert. denied 283 U. S. 860; *Kost* v. *State of New York*, 145 Misc. 691; *Hannibal Bridge Co.* v. *Schaubacker*, 57 Mo. 582; *Rudolph* v. *Pennsylvania Schuylkill Val. R. R. Co.*, 186 Pa. 541; 1 Orgel, Valuation Under Eminent Domain, § 47; 2 Lewis, Eminent Domain [3d ed.], §§ 686, 699; 2 Nichols, Eminent Domain [2d ed.], §§ 236, 237, 238, 241). However, neither of the properties was a specialty. The buildings were not specially designed or constructed for a peculiar purpose, and therefore could not be

considered as having no market value because of the presence of any such special qualities (see 1 Orgel, Valuation Under Eminent Domain, §§ 38, 39, 43–46). In considering the issues of valuation, we have given prime importance to the principle that " The land-owner's compensation is the difference between the fair market value of the entire unitary tract before the taking and the fair market value of the part of the tract remaining thereafter " (*Baetjer* v. *United States, supra,* p. 396; see, also, *Matter of City of New York* [*Fourth Ave.*], *supra,* p. 29). However, we have also considered the evidence as to reconstruction cost of improvements, less depreciation, plus the value of the land itself (see *Matter of City of New York* [*Blackwell's Is. Bridge*], 198 N. Y. 84; *Matter of Huie* [*Fletcher — City of New York*], 2 N Y 2d 168; *Banner Milling Co.* v. *State of New York,* 240 N. Y. 533, cert. denied 269 U. S. 582; *Glen & Mohawk Milk Assn.* v. *State of New York,* 2 A D 2d 95; *Matter of City of New York* [*Lincoln Sq. Slum Clearance Project*], 24 Misc 2d 190). With respect to the allowance for consequential damage to buildings on Parcel 32, we do not believe that it was proper for the trial court to include an amount for alteration, extension or addition to buildings after the taking of the land. Nor do we believe that it was proper to hold that the fence, signs, wiring and grating were fixtures, and to make an allowance therefor as such (see *Matter of City of New York* [*Whitlock Ave.*], 278 N. Y. 276; cf. *Whitmier & Ferris Co.* v. *State of New York,* 21 Misc 2d 70; *Mitchell* v. *State of New York,* 20 Misc 2d 374). As to Parcels 33 and 34, there is no support in the record for an allowance of more than $31,000 for direct damage to land, or for an allowance of more than $18,000 for reconstructing buildings. However, we believe compensation for the tanks in the building referred to in the record as "F" should have been included in the allowance for fixtures. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.