COUNTY OF ONONDAGA, Appellant, *v.* LAURA WHITE et al., Respondents.

LAURA WHITE et al., Respondents, *v.* COUNTY OF ONONDAGA, Appellant.

Fourth Department, May 20, 1971.

*Eli Gingold, County Attorney (Hugh C. Dregg, II, of counsel),* for appellant.

*Hancock, Estabrook, Ryan, Shove & Hust (Donald J. Kemple* of counsel), for respondents.

CARDAMONE, J. The bridge carrying traffic on the Jamesville-Onativia Road over the tracks of the Erie-Lackawanna Railroad was closed by order of the State Public Service Commission in 1965 in the interest of public safety. Claimants Laura and Virgil White are owner and tenant, respectively, of a farm on the Jamesville-Onativia Road adjacent to the bridge. In 1965 the County of Onondaga commenced condemnation in the County Court for 1.62 acres of claimants' land for the purpose of improving the road. Claimants thereafter instituted a proceeding in the Supreme Court under subdivision 12 of section 231 of the Highway Law, seeking damages from the county for the bridge closing. They obtained an order removing and consolidating the County Court condemnation proceeding with their Supreme Court action. From the granting of this order and the denial of its motion to dismiss the Supreme Court action, the county has appealed.

Presented for our determination is whether the provisions of the Highway Law govern the rights of these parties upon the removal of a bridge over railroad tracks.

The procedure for discontinuing a railroad crossing, other than one at a grade (see Grade Crossing Elimination Act; L. 1928, ch. 678) is exclusively governed by article 3 of the Railroad Law which requires application to, and, after notice to all interested parties, proceedings before the Public Service Commission, the authorizing body (Railroad Law, § 91; cf. *Town*

*of Nichols* v. *Park,* 209 App. Div. 319, 323, affd. 241 N. Y. 584). Such procedure was properly followed by appellant county in this case.

Although subdivision 12 of section 231 of the Highway Law purports to establish a procedure for the abandonment of " any bridge having a span of twenty-five feet or over, which is on a county road ", it does not apply to the abandonment of a bridge serving as a railroad crossing.

A brief analysis of the two statutes makes this readily apparent. Subdivision 11 of section 231 provides that a bridge on a .county road may not be effectively ordered abandoned unless and until the county first obtains a release from all adjacent landowners, limiting the amount authorized to be paid for the releases to not more than $500 to any one property owner and to the total sum of $2,500 (L. 1936, ch. 63). Subdivision 12 of the statute was added by chapter 747 of the Laws of 1937 as an extension of subdivision 11 to cover those situations where a county is prevented from abandoning a bridge because an adjacent property owner would not execute a release for a sum within the $500 authorized.[1] That this is the legislative intent for determining damages on the abandonment of a bridge is clear. However, it is equally clear that in determining damages for the elimination of a bridge carrying traffic over a railroad, the Legislature adopted a different scheme as set forth in subdivision 10 (now subd. 8) of section 94 of the Railroad Law which provides that: " No claim for damages to property on account of the * * * elimination of any crossing * * * shall be allowed unless notice of such claim is filed with the commission within six months after completion of the work necessary for such * * * elimination." Several other distinctions between the two statutes should be noted. Subdivision 12 of section 231 of the Highway Law provides for the appointment of Commissioners of Appraisal to " determine and assess the damages to which he is entitled to be paid by the county." Section 94 of the Railroad Law, on the other hand, provides for the proration of the cost of the elimination of a railroad crossing located on a county highway between the railroad, the county, and the State. The Railroad Law further makes it the railroad's responsibility to repair and maintain bridges carrying a highway across a railroad (Railroad Law, § 93; *Sturman* v. *New York Cent. R. R. Co.,* 280

---

1. See Memorandum to Governor's Counsel from Department of Public Works dated April 30, 1937; and Letter to Governor Lehman from Senator Hampton dated May 4, 1937 *re*: Senate Pr. No. 2390; Int. No. 1964.

N. Y. 57, 62) while subdivisions 4, 5, 6, 7 and 8 of section 231 of the Highway Law allocate the responsibility for repair and maintenance between the county and the town. These differences between the Highway and the Railroad Laws as they relate to determining damages for the abandonment or elimination of a bridge or crossing make it abundantly evident that the Legislature did not intend subdivision 12 of section 231 of the Highway Law to apply to the elimination of a bridge crossing a railroad.

While the record is insufficient for us to determine loss of access, if any, proof on this issue may be offered in the pending condemnation proceeding. Such evidence may entitle claimants to damages for loss of suitable access in accordance with *Priestly* v. *State of New York* (23 N Y 2d 152).

Accordingly appellant county's motion to dismiss claimants' petition for failure to state a cause of action against it under the Highway Law should have been granted. It follows that the order of removal of the pending condemnation proceeding in the County Court and consolidating it with the action instituted by claimants in Supreme Court under the Highway Law, dismissed herein, should also have been denied.

MARSH, J. P., GABRIELLI, MOULE and HENRY, JJ., concur.

Order [denying motion to dismiss petition] unanimously reversed without costs, motion granted and petition dismissed.

Order [denying motion to resettle prior order] unanimously reversed without costs, motion granted and order entered October 11, 1966 vacated.